THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN GRUNDSET, Defendant-Appellant.

Second District   No. 76-462

Opinion filed September 11, 1978.

Michael Mulder and Mary Robinson, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Jan Tuckerman, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
The defendant was charged with aggravated assault (assault with a deadly weapon) to which charge he pleaded guilty and was sentenced to 1 year imprisonment at Vandalia. Within 30 days of his sentencing, the defendant moved to withdraw his guilty plea and vacate the judgment

and sentence so that he could plead anew. The trial court denied the motion to vacate his plea and the defendant appeals, raising the following issues:

(1) That the court erred in its initial failure to give the defendant the proper admonishments under Supreme Court Rule 605(b), although this was later cured by allowing the defendant time to file a motion to vacate his plea under Supreme Court Rule 604(d);

(2) Whether it was possible for counsel to comply with the certificate requirements of Supreme Court Rule 604(d), where there was no transcript of the guilty plea hearing and if this was not possible, whether the failure to have the guilty plea proceedings transcribed was a violation of the defendant's constitutional rights;

(3) Whether due process was violated when defendant's guilty plea was entered by him in the fear that if he did not plead guilty the prosecutor might substitute a more serious charge under the same facts, and

(4) Whether the defendant's sentence should be reduced.

The admitted facts are that the defendant—who was 27 years old at the time—went to the home of his step-father and after an argument with him produced a gun and fired it at his step-father. Fortunately, the gun misfired, although the defendant pulled the trigger twice. The defendant was arrested and charged with aggravated assault. He pleaded guilty to this charge and was then sentenced to serve 1 year at Vandalia.

The defendant has a rather sad history. His adoptive mother and father got divorced and exchanged mates with a neighboring couple when he was a small child. The defendant stayed with his mother, but his step-father rejected him and treated him badly. He was sent to the home of his adoptive father in Florida but did not get along there. He came back to Rockford but was not welcomed by his step-father. While attending high school in Rockford, the defendant was involved in a motorcycle accident in which he lost his leg. He returned to Florida but after learning that his step-father had deserted his adoptive mother and she had had a breakdown and was in Singer Sanitorium, he returned to Rockford. The present charge stems from an incident wherein defendant, who had been drinking, went to his step-father's home and attempted to shoot him.

It appears from the report of the psychiatrist submitted at the sentencing hearing that shortly after the incident in question the defendant obtained employment and was doing well in his job with an electronics firm. While the circumstances of this case were later remarked on by the trial judge as meriting a charge of attempted murder, the defendant was only charged with aggravated assault, to which charge he entered a plea of guilty.

Apparently there was no reporter present at the hearing on the

defendant's guilty plea. Within 30 days the defendant moved for his release on probation, which motion was denied. He then moved to vacate his plea of guilty and this motion was also denied.

While the defendant contends he was not admonished as to his right to appeal, following his guilty plea, in accordance with Supreme Court Rule 605(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b)), no issue is made of that fact in this appeal inasmuch as the defendant was allowed to file a motion in compliance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), and thus perfected his appeal.

The defendant complains, however, that the requirements of Supreme Court Rule 604(d) as to filing a certificate with the trial court stating that defense counsel had consulted with the defendant regarding his contentions of error and had examined the court file and report of proceedings at the guilty plea, and made the necessary amendments to present a proper motion as to any defects in such proceedings, are impossible to fulfill in this case because there is no transcript of the report of proceedings at the hearing on the guilty plea. The defendant argues that failure of the court to have a reporter present to transcribe the guilty plea prevented defense counsel from complying with the rule since without the report of proceedings counsel could not adequately state the basis for vacating the plea. The defendant contends that the lack of a transcript of the guilty plea hearing therefore amounts to a deprivation of his right to due process as well as his right to the effective assistance of counsel.

■■ We do not believe that the lack of a transcript of a guilty plea proceeding is a constitutional issue in this case. The offense the defendant is charged with—aggravated assault—is a misdemeanor not punishable by imprisonment in the penitentiary. Therefore, a transcript of the proceedings at the hearing at which the guilty plea was entered is not required. (See section 1 of "An Act prescribing the duties of official court reporters in connection with arraignments and the furnishing of transcripts in certain cases involving indigent persons ° ° °" (Ill. Rev. Stat. 1975, ch. 37, par. 661; *People v. Hopping* (1975), 60 Ill. 2d 246.) The right to a transcript is not a basic constitutional right, although in cases where the offense is punishable by a penitentiary sentence, a transcript is mandated by Supreme Court Rule 402(e) (Ill. Rev. Stat. 1975, ch. 110A, par. 402(e)). However, Supreme Court Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)) made applicable to criminal appeals by Supreme Court Rule 612 (Ill. Rev. Stat. 1975, ch. 110A, par. 612), provides that the appellant "may prepare a proposed report of proceedings from the best available sources, including recollection" where there is no transcript of the proceedings. As amended and accepted by the other party, and certified by the trial court, this report may be used as a part of the record

in the case. In his motion to withdraw his guilty plea, the defendant did not allege that he made any effort to comply with the provisions of Supreme Court Rule 323(c) as to the furnishing of a bystander's report of the hearing at which the guilty plea was entered on October 1, 1975, or by attempting to secure a stipulated statement of facts. The defendant does not contend he is not guilty of the offense charged or that he did not understand he was pleading guilty to such charge. His contention that the lack of a complete transcript is damaging to his appeal arises from the argument that his attorney could not properly review the proceedings and prepare a proper certificate for consideration on appeal. But the defendant does not point to any constitutional issue which would be preserved by a complete transcript.

As was said in *People v. Hopping*, 60 Ill. 2d 246, 251:

"The contention is that the kind of a record which these rules [Supreme Court Rules 401 and 402] require with respect to felony cases must be furnished in misdemeanor cases as well. Rules 401 and 402, however, do not purport to state constitutional requirements. Their purpose is rather a prophylactic one, to provide for the preservation of a complete record on the basis of which to appraise attacks made upon judgments of conviction in cases in which a lengthy period of imprisonment may be involved. What has been considered appropriate for cases of that kind has not been transformed into a constitutional requirement by the adoption of Rules 401 and 402."

Thus the lack of a transcript of the hearing at the guilty plea does not reach constitutional dimensions. Moreover, in view of the defendant's failure to try in any way to implement the provisions of Supreme Court Rule 323(c) in his behalf, we feel that the defendant has no substantial point which through preservation by a bystander's report could have persuaded the trial court to vacate his guilty plea and allow him to plead over. While the defendant contends his attorney could not properly comply with the technicalities of Supreme Court Rule 604(d), due to the lack of a transcript, he does not raise any substantial issue wherein such a transcript might have aided him in his motion. This appears to be a technical objection, rather than a serious issue of due process.

■■ The defendant also alleges he was advised by his own attorney to plead guilty and that the police told him that if he were to go near the victim again, his charge would be changed to attempted murder. Therefore, he says, his plea was not voluntary but was coerced. We reject this argument as the trial court did. Obviously, there was a worse alternative to pleading guilty to the reduced charge—which was to be required to stand trial on the more serious charge. That the defendant had this alternative in mind or even that it was suggested to him by his own

attorney is to be taken for granted. But the defendant does not contend he was coerced into pleading to an offense he did not commit, or even that he was coerced or cajoled into waiving a trial on the merits. It is suggested in the defendant's brief that "he should have been advised" that if he chose to stand trial for attempted murder, the State would have a heavy burden in showing that the more serious charge was not the result of vindictiveness or retaliation. We think this argument deserves little consideration. The facts speak for themselves, and as the trial court indicated at the hearing on the defendant's motion to vacate his plea of guilty, the undisputed actions of the defendant in this case constituted the offense of attempted murder and it was to the defendant's advantage to be able to plead guilty to aggravated assault, rather than attempted murder. The facts thus did not indicate coercion by the State but rather leniency in the original charge, which the defendant took advantage of. Under the facts we think the defendant's argument is a specious one.

The defendant also contends his sentence should be reduced. He points out that two psychiatrists who examined him for purposes of presentencing hearing came to the conclusion that the defendant had lived a life full of rejection, had suffered changes in his family environment of a traumatic nature and had suffered a serious permanent physical disability in the loss of his leg yet, in their opinion, he had recently made a good adjustment and was not bitter, but was "surprisingly" normal. Both psychiatrists recommended probation. The Assistant State's Attorney did not endorse this but did not oppose the modification of the sentence to probation and work release.

The trial court refused to vacate the plea of guilty or reduce the sentence. While we appreciate the extenuating circumstances pleaded by the defendant for reduction of his sentence, his conduct created a potential of a much more severe charge and consequently a much more severe sentence than he received and under the circumstances we cannot find fault with the trial court's decision.

■■ The trial judge is ordinarily in a better position than we are to make a sound determination as to the punishment to be imposed. While this court has the power to reduce a sentence (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(4)), our supreme court has held that this power should be exercised with considerable caution. (*People v. Taylor* (1965), 33 Ill. 2d 417.) The trial judge intended to impose a maximum sentence and sentenced the defendant to 1 year in Vandalia. The defendant argues, and the State concedes, that the maximum term allowable by law for a Class A misdemeanor is a term of less than 1 year. We, therefore, reduce defendant's sentence by 1 day to 364 days, to bring the sentence to within the statutorily proscribed limits. Defendant also argues that the sentence is still excessive but since the judge had the opportunity and did consider

the defendant's background, employment and medical reports, before imposing sentence, and given the gravity of the offense, we can find no reason to reduce the trial court's carefully considered sentence further than necessary to bring it to within the limits proscribed by law.

Therefore, for the reasons set forth, we affirm the defendant's conviction for the crime of aggravated assault and reduce his sentence for the crime of aggravated assault to 364 days in Vandalia.

Judgment affirmed; sentence reduced.

BOYLE and WOODWARD, JJ., concur.