*In re* J.H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.H., a Minor, Respondent-Appellant).

Fourth District    No. 4—96—0675

Opinion filed December 12, 1997.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick W. Kelley, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Following his admission in the circuit court of Sangamon County to a delinquency petition and a petition to revoke, modify, or extend his probation, respondent J.H. was committed to the Department of Corrections, Juvenile Division (DOC). He now appeals, arguing that the trial court failed to admonish him in accordance with Supreme Court Rules 604(d) and 605(b) (145 Ill. 2d Rs. 604(d), 605(b)). We affirm.

In January 1996, respondent was adjudicated a delinquent minor and placed on probation for one year. On April 1, 1996, the State filed a supplemental petition seeking an adjudication of delinquency based upon respondent's commission of the offense of unlawful possession with intent to deliver cannabis. 720 ILCS 550/5(c) (West 1994). On the same date, the State filed a petition to revoke, modify, or extend respondent's probation, alleging commission of the same offense that was the basis of the delinquency petition. On April 24, 1996, respondent admitted the allegations of the delinquency petition and of the petition to revoke his probation. On August 7, 1996, the trial court entered a dispositional order revoking respondent's probation, making him a ward of the court, and committing him to DOC. At the conclusion of the dispositional hearing, the court advised respondent: "You have the right to appeal what took place here today. If you wish to do so, you must file in writing within 30 days a Motion setting forth your reasons why it should be set aside."

On appeal, respondent argues that the trial court erred in failing to admonish him in accordance with Rule 605(b) regarding the necessity of complying with the requirements of Rule 604(d) prior to taking an appeal.

■ In criminal cases, Rule 604(d) requires that a defendant first address to the trial court any allegation of error regarding a guilty plea or a corresponding sentence before appealing the matter to a reviewing court. 145 Ill. 2d R. 604(d); *People v. Foster*, 171 Ill. 2d 469, 471, 665 N.E.2d 823, 824 (1996). Generally, where a defendant does not file a Rule 604(d) motion with the trial court, the reviewing court will dismiss the appeal. *Foster*, 171 Ill. 2d at 471, 665 N.E.2d at 824.

Under Rule 605(b), however, trial courts must admonish defendants regarding the requirements of Rule 604(d). 145 Ill. 2d R. 605(b). Where a trial court fails to comply with Rule 605(b), the appellate court is required to remand the cause to the trial court for strict compliance with Rule 604(d). *Foster*, 171 Ill. 2d at 474, 665 N.E.2d at 826. This allows the defendant to file a motion to withdraw guilty plea or to reconsider sentence. *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994).

The supreme court has not specifically held that Rule 604(d) applies to juvenile cases where the minor admits the offense charged in the petition. However, in *In re W.C.*, 167 Ill. 2d 307, 657 N.E.2d 908 (1995), the supreme court stated:

"A few examples of supreme court rules applicable to criminal cases that also govern delinquency appeals are Rule 615(a) (134 Ill. 2d R. 615(a)), recognizing plain error, and Rule 604(d) (134 Ill. 2d R. 604(d)), requiring a motion to withdraw a guilty plea and vacate the judgment in order to appeal." *W.C.*, 167 Ill. 2d at 322, 657 N.E.2d at 916.

Further, this court has previously held that Rule 604(d) is applicable to juvenile cases where the minor has been adjudicated delinquent following an admission. *In re D.L.B.*, 140 Ill. App. 3d 52, 55, 488 N.E.2d 313, 315 (1986).

Recently, however, in *In re J.E.M.Y.*, 289 Ill. App. 3d 389, 390-91, 682 N.E.2d 451, 452 (1997), this court held the requirements of Rule 604(d) do not apply following a probation revocation hearing. In that case, the respondent minor was adjudicated delinquent and placed on probation. The State filed a petition to revoke probation and the minor admitted the allegations of the petition. Subsequently, the trial court revoked his probation and committed him to DOC. The minor filed a motion to reconsider, which was denied. On appeal, the minor argued his attorney failed to strictly comply with the certification requirement of Rule 604(d). This court affirmed, finding that under *People v. Tufte*, 165 Ill. 2d 66, 649 N.E.2d 374 (1995), an admission during a probation revocation hearing is not the same as a guilty plea and, therefore, compliance with Rules 605(b) and 604(d) is unnecessary.

■ The instant case presents us with a rather unique situation. Respondent entered an admission to a delinquency petition and, at the same time, admitted the allegations of the State's petition to revoke his probation. Both admissions were based on the same conduct. The admission to the delinquency petition entitled respondent to the admonitions required by Rule 605(b). The admission to the petition to revoke probation did not. The trial court entered a single dispositional order revoking respondent's probation, making him a ward of the court and committing him to DOC. Thus, respondent's commitment to DOC cannot, as the State argues, be attributed solely to his admission to the petition to revoke probation. Nor can it be attributed, as respondent argues, solely to his admission to the delinquency petition.

It would be improper to vacate the trial court's order revoking respondent's probation on the basis that the court failed to properly

admonish him on his admission to the delinquency petition. Yet, vacating only the adjudication order would still leave respondent's admission to the probation violation intact, as well as his commitment to DOC, since he has failed to allege on appeal any error in regard to his admission to the probation violation or the trial court's dispositional order. We conclude that the proper course is to affirm the trial court's order in all respects on the basis that Rules 604(d) and 605(b) did not apply to both admissions. Thus, remand for compliance with these rules is unnecessary.

Accordingly, the trial court's order revoking respondent's probation, making him a ward of the court and committing him to DOC is affirmed.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.