THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHLEEN M. DAVIS, Defendant-Appellant.

Fourth District    No. 4—97—0994

Opinion filed August 25, 1998.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

William G. Workman, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After pleading guilty in the circuit court of Logan County, in consolidated cases, to deceptive practices by making an application for a loan using a false name, forgery, unlawful use of a credit card (Logan County case No. 97—CF—108) (720 ILCS 5/17—1(C)(1), 17—3(a)(1); 250/8 (West 1996)), and deceptive practices for passing a bad check (Logan County case No. 97—CF—117) (720 ILCS 5/17—1(B)(d) (West 1996)) and admitting violation of a condition of conditional discharge

for an earlier deceptive practices conviction (Logan County case No. 95—CF—138) (720 ILCS 5/17—1(B)(d) (West 1994)), defendant Kathleen M. Davis was sentenced to the following terms of imprisonment: three years in No. 97—CF—117; concurrent terms of four years for forgery, three years for unlawful use of credit card, and 364 days for deceptive practices in No. 97—CF—108; and three years in No. 95—CF—138. The sentences in each of the three cases were to run consecutive to the terms of imprisonment in the other cases, for a total of 10 years' imprisonment.

The issues are whether (1) Nos. 97—CF—117 and 97—CF—108 should be remanded for defense trial counsel's failure to file a certificate of compliance as required by Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) when filing the motion for reduction of sentences, and (2) defendant is entitled to a new sentencing hearing in No. 95—CF—138 if the guilty pleas in the other two cases are vacated. We reverse the order denying the motion to reduce the sentences and remand for compliance with Rule 604(d).

■ Supreme Court Rule 604(d) provides in relevant part as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. [If represented by counsel] *** [t]he defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).

In these consolidated cases, defendant filed a motion to reconsider the sentences, which was denied. However, her attorney failed to file a certificate in compliance with Rule 604(d). The filing of a certificate is required when a motion to reconsider the sentence is filed after sentence is imposed on a guilty plea. See *People v. Kerkering*, 283 Ill. App. 3d 867, 868, 671 N.E.2d 368, 369 (1996).

The State concedes that, had this appeal involved only the guilty pleas, a Rule 604(d) certificate would have been required. *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994). However, the State argues that, since the revocation of conditional discharge was also involved, no certificate of compliance was necessary in this case. We disagree.

In *People v. Tufte*, 165 Ill. 2d 66, 74-78, 649 N.E.2d 374, 378-80 (1995), the supreme court decided that the admission of a violation of conditional discharge, like the admission of a probation violation, was not the same as a guilty plea and did not require the defendant to be admonished pursuant to Rule 605(b) (145 Ill. 2d R. 605(b)) of the need to file a motion to vacate the guilty plea or to reconsider the sentence before appealing, although allowing the defendant to file such a motion was permissible. Applying *Tufte*, this court in *In re J.E.M.Y*, 289 Ill. App. 3d 389, 390-91, 682 N.E.2d 451, 452 (1997), found that an admission to a probation violation did not require compliance with Rule 604(d). Neither of these decisions involved a revocation of probation or conditional discharge case consolidated with a case in which a guilty plea was entered.

Such a situation was considered in *In re J.H.*, 293 Ill. App. 3d 323, 325-26, 688 N.E.2d 348, 350 (1997). There, this court disagreed with the State's argument that the minor's commitment to the Department of Corrections, Juvenile Division (DOC), could be attributed solely to his admission to the petition to revoke probation. Nevertheless, this court declined to remand for compliance with Rule 604(d) because (1) the admissions to the delinquency petition and the petition to revoke probation were based on the same misconduct; (2) the trial court entered a single dispositional order revoking probation, making the minor a ward of the court, and committing him to DOC; (3) it would be improper to vacate the probation revocation order on the basis of the failure to comply with Supreme Court Rules 604(d) and 605(b); and (4) vacating only the adjudicatory order would leave the admission to the probation violation intact, as well as the commitment to DOC, since no issue was raised on appeal regarding an alleged error in the admission to the probation violation or the trial court's dispositional order.

■ The case at bar is factually distinguishable from *In re J.H. In re J.H.* involved the failure of the trial court to give admonishments in accordance with Rule 605(b), and not a failure of counsel to file a certificate of compliance per Rule 604(d). In this case, defendant's admission to a violation of a condition of conditional discharge was only based on the factual basis supporting the guilty plea in No. 97—CF—117, and not the factual bases for the guilty pleas in No. 97—CF—108. Although there was a consolidated sentencing hearing, separate sentencing orders were entered in each case. Because of counsel's failure to file the Rule 604(d) certificate, we agree with defendant that the order denying the motion to reduce sentence in Nos. 97—CF—117 and 97—CF—108 must be reversed and remanded for compliance with Supreme Court Rule 604(d). Defendant also argues on appeal that, if

the guilty pleas in case Nos. 97—CF—108 and 97—CF—117 are vacated, she is entitled to a new sentencing hearing in No. 95—CF—138 in light of the consolidated sentencing hearing and the imposition of consecutive sentences.

We first note that it is unnecessary to vacate the revocation of conditional discharge in No. 95—CF—138 to enforce compliance with Rule 604(d) in the guilty plea cases, Nos. 97—CF—108 and 97—CF—117. As in *Janes*, 158 Ill. 2d at 35-36, 630 N.E.2d at 793-94, all that is needed is to reverse the order denying the motion to reconsider the sentences and to remand for compliance with Rule 604(d). As this court noted in *Kerkering*, on remand, the defendant's counsel must file a certificate of compliance and may stand on the motion already filed or file a motion to withdraw the guilty plea or a new motion to reconsider the sentences, but the trial court must conduct a new hearing on the motion. *Kerkering*, 283 Ill. App. 3d at 871-72, 671 N.E.2d at 371-72.

In *People v. Reynolds*, 105 Ill. App. 3d 698, 705, 434 N.E.2d 776, 780-81 (1982), the appellate court remanded for a new sentencing hearing where the trial court considered three prior convictions that were reversed and remanded. In the instant case, the convictions have not been vacated and it would be premature to consider in this appeal defendant's argument about entitlement to a new sentencing hearing in No. 95—CF—138.

The order denying defendant's motion for reconsideration of the sentences in Nos. 95—CF—138, 97—CF—108, and 98—CF—117 is reversed, and the cause is remanded for full compliance with Rule 604(d).

Reversed in part and remanded with directions.

KNECHT and GREEN, JJ., concur.