*In re* OMAR A., A Minor (The People of the State of Illinois, Petitioner-Appellee, v. Omar A., Respondent-Appellant).

Second District    No. 2—01—0967

Opinion filed December 20, 2002.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary W. Pack, State's Attorney, of Woodstock (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Omar A., a minor, appeals the denial of his postadjudication motion to reconsider. We reverse and remand the cause for compliance with Supreme Court Rules 604(d) and 605(b) (188 Ill. 2d Rs. 604(d), 605(b)).

The following facts are taken from the record. The State filed a petition for adjudication of wardship alleging, in part, that the minor committed various sex offenses. On May 11, 2001, the minor admitted the allegations contained in the petition, and the court placed him on two years' probation and ordered the minor to register as a sex offender. See 730 ILCS 150/1 *et seq.* (West 2000). The minor then filed a motion to reconsider his sentence. However, no certificate was filed in accordance with Supreme Court Rule 604(d). On July 31, 2001, the trial court denied the minor's motion to reconsider. On April 10, 2002, however, the trial court released the minor from the requirement that he register as a sex offender. The minor then filed this timely appeal.

On appeal, the minor argues that the trial court failed to admonish him regarding his right to appeal pursuant to Supreme Court Rule 605(b) and that his counsel failed to file a certificate pursuant to Supreme Court Rule 604(d). The minor urges this court to remand this case for compliance with both rules.

The State admits that defendant's attorney failed to file a Rule 604(d) certificate and that the trial court failed to admonish defendant in accordance with Supreme Court Rule 605(b). The State concedes that ordinarily the State would confess error and that remand would be warranted. However, in this case the State asks us to dismiss the case, claiming that noncompliance with Rule 604(d) is an "endemic" problem. The State argues that this general problem results in a great waste of time and energy for the State and that the best solution is to dismiss this appeal and others like it where defense counsel fails to file a Rule 604(d) certificate. The State argues that defendant can raise these issues in a postconviction proceeding. The State also asserts that, because the trial court released the minor from the requirement that he register as a sex offender, the minor has no issues to raise on the merits and that dismissal of this appeal would conserve judicial resources.

Although certain aspects of the State's argument ring true, we believe the State's ultimate conclusion is without merit. The State's arguments were previously raised and unequivocally rejected by our supreme court. *People v. Janes*, 158 Ill. 2d 27, 34 (1994). It is well established that the remedy for noncompliance with Rule 604(d) is a remand to the trial court for compliance. *Janes*, 158 Ill. 2d at 33. In *Janes* our supreme court stated:

> "[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33.

Therefore, in keeping with the well-settled law of this state, we reverse the trial court's denial of defendant's motion to reconsider sentence and remand this cause for compliance with Supreme Court Rule 604(d).

Contrary to the State's contention, the dismissal of this appeal is not warranted. One of the purposes of Rule 604(d) is to protect defendants from the ineffective assistance of counsel. See *People v. Wilk*, 124 Ill. 2d 93, 107 (1988). To dismiss this appeal because of the patent and egregious ineffectiveness of counsel is absurd. Since the State pays for the defense counsel, prosecutor, and judge in this case, perhaps they all should be concerned with conserving the State's resources and pay attention to the fact that a Rule 604(d) certificate

was not filed. Additionally, because the Juvenile Court Act of 1987 was enacted with concern for the welfare of minors and the State's Attorney and the court are bound to act in furtherance of this purpose (705 ILCS 405/1—2(1) (West 2000); *In re C.W.*, 199 Ill. 2d 198, 219-20 (2002)), perhaps they should refuse to proceed without a Rule 604(d) certificate in cases such as this. In addition, the State's claim that the minor has no issues to raise because he no longer has to register as a sex offender is pure speculation and ignores the purpose of Supreme Court Rule 604(d).

For the reasons stated above, we deny the State's request for the issuance of a certificate of importance in accordance with Supreme Court Rule 316 (155 Ill. 2d R. 316). Our supreme court has made its position clear, and we believe the appropriate solution is to resolve the matter through greater scrutiny by all parties in the trial court rather than further appellate review of this well-settled issue.

The judgment of the circuit court of McHenry County is reversed, and the cause is remanded for compliance with Supreme Court Rules 604(d) and 605(b).

Reversed and remanded.

GROMETER and KAPALA, JJ., concur.