*In re* VINCENT Y., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Vincent Y., Respondent-Appellant).

Second District   Nos. 2—02—0019 through 2—02—0023 cons.

Opinion filed March 25, 2003.

G. Joseph Weller and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and

Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KAPALA delivered the opinion of the court:

In this consolidated appeal, the minor, Vincent Y., appeals the orders of the circuit court of Du Page County denying his motions to reconsider the dispositions entered in five juvenile delinquency proceedings. We reverse and remand two of the causes for compliance with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) and, as a consequence, we also find it necessary to reverse and remand the remaining causes.

The minor admitted committing several criminal offenses that were the bases for charges of delinquency in two original delinquency petitions filed in Du Page County case Nos. 01—JD—563 and 01—JD—566. Upon the filing of three petitions to revoke probation, the minor admitted violating his probation in Du Page County case Nos. 00—JD—656, 01—JD—247, and 01—JD—250, based on his commission of the same offenses. After a sentencing hearing, the trial court entered simultaneously five separate orders committing the minor to the Illinois Department of Corrections, Juvenile Division (JDOC), and admonished the minor as to his right to appeal in accordance with Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)). Thereafter, counsel for the minor filed motions to reconsider the dispositions in all five cases but did not file Rule 604(d) certificates. The trial court denied the motions to reconsider, and the minor filed a notice of appeal in each case. We consolidated the appeals in this court.

Rule 604(d) provides in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 188 Ill. 2d R. 604(d).

Rule 605(b) provides the admonitions the trial court is required to give a defendant when imposing sentence on a defendant who has pleaded guilty. *People v. Jamison*, 181 Ill. 2d 24, 27 (1998). Rule 605(b)

complements Rule 604(d) and serves as a corollary to the requirements of Rule 604(d). *Jamison,* 181 Ill. 2d at 27.

■ Compliance with the Rule 604(d) certificate requirement is required in juvenile proceedings. *In re A.G.,* 195 Ill. 2d 313, 322 (2001). The remedy for failure to comply with the certificate requirement of Rule 604(d) is a remand to the trial court for compliance. *People v. Janes,* 158 Ill. 2d 27, 33-34 (1994). This court recently remanded a juvenile delinquency cause for compliance with Rules 605(b) and 604(d) where the trial court failed to admonish the minor in accordance with Rule 605(b) and the minor's counsel failed to file a Rule 604(d) certificate. *In re Omar A.,* 335 Ill. App. 3d 732 (2002). Therefore, in accordance with the well-settled law of this state, we reverse the orders denying the minor's motions to reconsider the dispositions entered in case Nos. 01—JD—563 and 01—JD—566 and remand those causes for strict compliance with Supreme Court Rule 604(d).

The minor acknowledges that, because he admitted violating his probation in the remaining three cases, his counsel was not required to file Rule 604(d) certificates in those cases. Nevertheless, the minor argues that we should remand those three cases as well.

■ In *People v. Tufte,* 165 Ill. 2d 66, 74-78 (1995), our supreme court decided that the admission of a probation violation is not the same as a guilty plea and does not require the defendant to be admonished pursuant to Rule 605(b) of the need to file a motion to withdraw the plea of guilty and vacate the judgment or to reconsider the sentence before appealing, although allowing the defendant to file such motions is permissible. Similarly, because the filing of a motion to reconsider the disposition following a probation revocation hearing in a juvenile delinquency proceeding is unnecessary before taking an appeal, compliance with Rule 604(d) is not required. *In re J.E.M.Y.,* 289 Ill. App. 3d 389, 391 (1997).

The minor contends that, given the procedural posture of the cases in the trial court, it is inappropriate to remand only the cases involving original delinquency petitions for compliance with Rule 604(d). In support of this contention the minor argues that (1) the trial court consolidated the minor's five cases during admissions, disposition, and the hearing on the motions to reconsider the dispositions; (2) any error by the trial court in the proceedings below would necessarily extend to the cases involving the probation revocations; and (3) the practical effect of remanding only the two cases where admissions were made to the original delinquency petitions would be to affirm the entire consolidated disposition, thereby depriving the minor of the protection of Rule 604(d) by precluding any change in the consolidated disposition despite any errors that might be discovered by counsel's compliance with the mandatory Rule 604(d) procedures.

The State concedes that, under the current law in this state, case Nos. 01—JD—563 and 01—JD—566 must be remanded for compliance with Rule 604(d). However, the State argues that, because the filing of a Rule 604(d) certificate is unnecessary following the admission to a probation violation, this appeal must be dismissed as to case Nos. 00—JD—656, 01—JD—247, and 01—JD—250.

To support his contention that all five cases should be remanded, the minor cites *People v. Davis*, 298 Ill. App. 3d 630 (1998). In his brief, the minor mischaracterizes the holding in *Davis* as remanding for Rule 604(d) compliance two cases where guilty pleas were entered and one case where a conditional discharge was revoked. The minor is correct in stating that all three cases in *Davis* were remanded, but the conditional discharge revocation case was not remanded for Rule 604(d) compliance. However, we believe that *Davis* does support the contention that all five of the minor's cases should be remanded.

In *Davis* the defendant pleaded guilty, in consolidated cases, to three criminal offenses charged in Logan County case No. 97—CF—108 and to another criminal offense in case No. 97—CF—117, and she admitted violating her conditional discharge in case No. 95—CF—138. *Davis*, 298 Ill. App. 3d at 630-31. The defendant's admission to a violation of her conditional discharge was based on the facts supporting the guilty plea in case No. 97—CF—117. *Davis*, 298 Ill. App. 3d at 632. Thereafter, the defendant was sentenced to consecutive and concurrent prison terms totaling 10 years. *Davis*, 298 Ill. App. 3d at 631. The defendant's attorney filed a single motion to reconsider the sentences, but did not file a certificate of compliance with Rule 604(d). *Davis*, 298 Ill. App. 3d at 631. The defendant appealed from the denial of her motion to reconsider the sentences.

On appeal, the *Davis* court identified the issues as (1) whether case Nos. 97—CF—108 and 97—CF—117 should be remanded for failure to file a Rule 604(d) certificate, and (2) whether the defendant is entitled to a new sentencing hearing in case No. 95—CF—138 if the guilty pleas in the other two cases are vacated. *Davis*, 298 Ill. App. 3d at 631. The court first concluded "that the order denying the motion to reduce sentence in Nos. 97—CF—117 and 97—CF—108 must be reversed and remanded for compliance with Supreme Court Rule 604(d)." *Davis*, 298 Ill. App. 3d at 632. With respect to the second issue, the defendant argued that, if the guilty pleas in case Nos. 97—CF—108 and 97—CF—117 are vacated, she is entitled to a new sentencing hearing in case No. 95—CF—138 in light of the consolidated sentencing hearing and the imposition of consecutive sentences. *Davis*, 298 Ill. App. 3d at 632-33.

By citing to *People v. Kerkering*, 283 Ill. App. 3d 867, 871-72 (1996),

the *Davis* court explained that on remand the defendant's counsel must file a certificate of compliance and may stand on the already-filed motion to reconsider the sentences, may file a motion to withdraw the guilty pleas, or may file a new motion to reconsider the sentences. *Davis*, 298 Ill. App. 3d at 633. The *Davis* court did not decide the second issue, concluding that "the convictions [in case Nos. 97—CF—108 and 97—CF—117] have not been vacated and it would be premature to consider in this appeal defendant's argument about entitlement to a new sentencing hearing in No. 95—CF—138." *Davis*, 298 Ill. App. 3d at 633.

The *Davis* court contemplated the possibility of the defendant's filing a motion to withdraw her pleas of guilty on remand even though she originally moved only to reconsider her sentences. Because a potential vacatur of the judgment and withdrawal of the plea in case No. 97—CF—117 could have resulted in the need to conduct a new sentencing hearing in case No. 95—CF—138, the *Davis* court remanded that case as well.

Presumably, the defendant in *Davis* would have been afforded the opportunity to file a motion to withdraw her pleas of guilty on remand because she had not been admonished in accordance with Rule 605(b). See *Jamison*, 181 Ill. 2d at 31 (defendant who filed motion to reconsider sentence permitted to file motion to withdraw plea of guilty on remand because he was not properly admonished pursuant to Rule 605(b)). There is no indication that the defendant in *Davis* received Rule 605(b) admonishments.

In our case, however, the minor was admonished pursuant to Rule 605(b) and, therefore, will not be permitted to change his mind and file motions to withdraw his admissions on remand. At the conclusion of the dispositional hearing, the trial court stated:

"Now, Vincent, by law, I have to advise you, you have the right to appeal the decision of this Court if you disagree with it. To do that, you would have to file a written Notice of Appeal within 30 days of today's court date. If asked, the Court would actually appoint an attorney free of charge to help you do that. Likewise, the Court would provide you with a free copy of today's court proceedings and any necessary earlier court proceedings. Before appealing, however, you should do two things; one, file a motion to vacate your guilty pleas and admissions to the probation revocation petitions as well as your guilty plea to the new charge. If I granted that motion, all those petitions and charges would go back to square one. That is, the State could prosecute any and all charges that were dropped and you could fully defend against them. Also, you would be well advised to file a motion for me to reconsider my

sentence; because if you appeal without first filing and arguing those things in front of me, anything that might have or could have been argued in those two motions will be denied argument by the Appellate Court.

Do you understand that?"

In this case, unlike *Davis*, we know from the record that the minor was aware of the requirements of Rule 604(d). Because the minor was properly admonished that he could file motions to reconsider the dispositions and/or motions to withdraw his admissions and he filed only motions to reconsider the dispositions, the minor has forfeited his right to file a motion to withdraw his admissions. See *Jamison*, 181 Ill. 2d at 28 (defendant waives issues regarding his guilty plea if he does not follow the Rule 604(d) motion requirements). Moreover, the minor has never contended that his admissions were involuntary or that the admission proceedings were otherwise defective.

■ However, in this case there is the possibility that on remand, after compliance with Rule 604(d), the trial court will grant the minor's motions to reconsider the dispositions entered in case Nos. 01—JD—563 and 01—JD—566. We are faced then with the question of what impact a potential modification of the disposition in case Nos. 01—JD—563 and 01—JD—566 will have on the dispositions entered in case Nos. 00—JD—656, 01—JD—247, and 01—JD—250. In fashioning a sentence, the trial court "shall determine the proper disposition best serving the minor and the public." 705 ILCS 405/5—705(1) (West 2000). In our view, this assessment process would include considering the sentences imposed at the same hearing on other cases pending before the court.

As a consequence of the potential modification of the dispositions entered in case Nos. 01—JD—563 and 01—JD—566 on remand, we find it necessary to remand the three cases involving revocation of probation (case Nos. 00—JD—656, 01—JD—247, and 01—JD—250) so that the trial court can adjust those dispositions if it sees fit. Remanding the cases involving dispositions entered after the revocation of probation, along with the cases remanded for Rule 604(d) compliance, is necessary because we cannot say for sure that the trial court would have chosen to commit the minor to the JDOC pursuant to the petitions to revoke probation had it not done so pursuant to the original delinquency petitions. We express no opinion as to the merit of the minor's motions to reconsider the dispositions that have been filed thus far or that will be filed on remand.

As noted above, the State acknowledges that the current remedy for failing to file a Rule 604(d) certificate is to remand the cause to the trial court for compliance. Notwithstanding this acknowledgment, the

State invites us to reconsider our holding in *Omar A.*, and, in the alternative, the State renews its request for the issuance of a certificate of importance pursuant to Supreme Court Rule 316 (155 Ill. 2d R. 316).

In *Omar A.* we rejected the State's argument that dismissal is the appropriate remedy where counsel fails to file a Rule 604(d) certificate. *Omar A.*, 335 Ill. App. 3d at 733. In so doing we concluded that the State's arguments were previously raised and unequivocally rejected by our supreme court in *Janes*. *Omar A.*, 335 Ill. App. 3d at 733. For those same reasons, we decline the State's invitation to revisit this well-settled issue, and we deny the State's motion for issuance of a certificate of importance pursuant to Rule 316.

For the foregoing reasons, the judgments denying the minor's motion to reconsider the dispositions in case Nos. 01—JD—563 and 01—JD—566 are reversed, and the causes are remanded for compliance with Supreme Court Rule 604(d). As a consequence, the judgments of the circuit court of Du Page County denying the minor's motions to reconsider the dispositions entered in case Nos. 00—JD—656, 01—JD—247, and 01—JD—250 are also reversed, and those cases are remanded as well.

No. 2—02—0019, Reversed and remanded.
No. 2—02—0020, Reversed and remanded.
No. 2—02—0021, Reversed and remanded.
No. 2—02—0022, Reversed and remanded.
No. 2—02—0023, Reversed and remanded.

CALLUM and GILLERAN JOHNSON, JJ., concur.