THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH SPOONER-TYE, Defendant-Appellant.

Second District   Nos. 2—02—0522 through 2—02—0525 cons.

Opinion filed June 30, 2004.

G. Joseph Weller and Dev A. Parikh, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Joseph Spooner-Tye, appeals the trial court's order denying his motion to withdraw his guilty plea. Defendant argues that defense counsel failed to strictly comply with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) and that the cause should be remanded for a new hearing. We affirm.

In an information dated December 3, 1999, defendant was charged with two counts of domestic battery, both Class A misdemeanors (720 ILCS 5/12—3.2(a)(1), (a)(2) (West 2000)). In an information dated December 20, 1999, defendant was charged with another count of domestic battery (720 ILCS 5/12—3.2(a)(1) (West 2000)). In an information dated March 3, 2000, defendant was charged with retail theft, a Class A misdemeanor (720 ILCS 5/16A—3(a) (West 2000)). Finally, in an information dated March 10, 2000, defendant was charged with unlawful use of a credit card, a Class 4 felony (720 ILCS 250/8 (West 2000)).

On December 10, 2001, defendant entered guilty pleas in each case. In exchange for pleading guilty, the State agreed to reduce the felony charge of unlawful use of a credit card to deceptive practices, a Class A misdemeanor (720 ILCS 5/17—1 (West 2000)). Defendant was sentenced to 12 months in the Lake County jail.

On January 8, 2002, defendant filed a motion *pro se* to withdraw his guilty plea. On March 25, 2002, defense counsel filed a motion to withdraw the guilty plea in all four cases. In support of his motion, defendant stated that he did not plead guilty to the domestic battery charges and that he believed that those charges would be nol-prossed. Following a hearing, the trial court denied defendant's motion to withdraw his guilty plea.

Prior to the motion to withdraw the guilty plea, defense counsel filed a certificate of compliance with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). The certificate indicated that defense counsel: (1) consulted with defendant to ascertain his contentions of error; (2) examined the court file, although "[t]here were no reports of proceedings of the plea of guilty"; and (3) made any necessary amendments to the motion.

On May 14, 2002, defendant filed four separate notices of appeal. In a motion filed on January 15, 2003, defendant asked this court to: (1) consolidate the four appeals; (2) reverse the trial court's judgment denying his motion to withdraw his guilty plea; and (3) remand the

cause so that defendant could file a new postplea motion. Defendant further requested that we order defense counsel to prepare a bystander's report or an agreed statement of facts for the guilty plea proceedings. On February 7, 2003, we agreed to consolidate the appeals but denied defendant's motion for summary reversal and remand. Further, we ordered that the consolidated appeal be briefed.

The sole issue we address on appeal is whether Supreme Court Rule 604(d) requires examination of guilty plea transcripts (or their equivalent) in misdemeanor cases. According to defendant, Rule 604(d) requires defense counsel to certify that he has examined the guilty plea transcripts or an equivalent, such as a bystander's report or an agreed statement of facts prepared under Rule 323 (166 Ill. 2d R. 323). Because defense counsel did not certify that he had reviewed the guilty plea transcripts or their equivalent, defendant argues that the attorney's certificate filed under Rule 604(d) was defective. He asks this court to reverse the trial court's denial of his motion to withdraw his guilty plea and remand the cause for strict compliance with Rule 604(d).

The State counters that defense counsel fully complied with Rule 604(d). In the State's view, Rule 604(d) does not require that counsel certify that he has reviewed the transcripts of the guilty plea hearing in misdemeanor cases. According to the State, a report of proceedings is required to be prepared only in cases where Supreme Court Rule 402(e) (177 Ill. 2d R. 402(e)) applies. Because Rule 402(e) applies only to felony cases, a strict reading of Rule 604(d) requires that a report of proceedings be prepared only in felony cases. Since defendant here pleaded guilty to misdemeanor offenses, the State argues that no report was required to be prepared in this case.

Our analysis concerns the language in Rules 604(d) and 402(e). Supreme Court Rule 604(d) states, in pertinent part:

"If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 188 Ill. 2d R. 604(d).

Supreme Court Rule 402(e) states:

"In cases in which the defendant is charged with a crime punishable by imprisonment in the penitentiary, the proceedings required

by this rule to be in open court shall be taken verbatim, and upon order of the trial court transcribed, filed, and made a part of the common law record." 177 Ill. 2d R. 402(e).

When a defendant files a postplea motion, Rule 604(d) requires that defense counsel file with the trial court a certificate stating that the attorney has consulted with the defendant to ascertain his contentions of error, has examined the trial court file and report of proceedings of the guilty plea, and has made any amendments to the motion necessary to adequately present any defects in the proceeding. 188 Ill. 2d R. 604(d); *People v. Wyatt*, 305 Ill. App. 3d 291, 296 (1999). The remedy for failure to strictly comply with each of the strictures of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw the guilty plea and a new hearing on the motion. *People v. Janes*, 158 Ill. 2d 27, 33 (1994).

At the outset, we note that defendant was originally charged with unlawful use of a credit card, a Class 4 felony. In exchange for pleading guilty, however, the State agreed to reduce the felony charge of unlawful use of a credit card to deceptive practices, a Class A misdemeanor. Because defendant did not plead guilty to a felony charge, Rule 402(e) does not apply. Defendant concedes that, under Rule 402(e), there was no requirement to have a transcript prepared in this case; thus, his attorney was unable to examine a report of proceedings. Nevertheless, defendant states that there is "tension" between Supreme Court Rules 604(d) and 402(e), and gives four reasons why the "guilty plea transcript-review" portion of Rule 604(d) should extend to misdemeanor guilty pleas.

First, defendant contends that Rule 604(d) does not distinguish between felony and misdemeanor cases. We disagree. As set forth above, Rule 604(d) specifically incorporates Rule 402(e), which does not mandate a transcript unless the offense is punishable by a penitentiary sentence. See *People v. Grundset*, 63 Ill. App. 3d 787, 789 (1978). Because defendant here was charged with misdemeanors not punishable by imprisonment in the penitentiary, a transcript of the proceedings at the guilty plea hearing was not required. See *Grundset*, 63 Ill. App. 3d at 789. Consequently, interpreting Rule 604(d) to require the review of transcripts in misdemeanor cases would ignore the plain language of Rule 402(e). Moreover, our supreme court has stated that Rules 402 and 604(d), which concern guilty pleas, are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants. *People v. Wilk*, 124 Ill. 2d 93, 103 (1988). Thus, we reject defendant's claim that Rule 604(d) does not differentiate between felonies and misdemeanors.

Second, defendant contends that Rule 604(d) requires that defense counsel review guilty plea transcripts or their equivalent in order to be effective. Essentially, defendant argues that, without a transcript or the equivalent, defense counsel was unable to comply with Rule 604(d) and, therefore, was ineffective. Rather than assert that his counsel was ineffective in this case for failing to prepare a bystander's report or an agreed statement of facts pursuant to Rule 323, defendant bases his claim of ineffectiveness on defense counsel's inability to comply with the technicalities of Rule 604(d). Specifically, defendant alleged that his guilty plea should be vacated because defense counsel told him that, if he pleaded guilty to the offenses of retail theft and deceptive practices, the two domestic battery charges would be dismissed. Defendant claims that he was unaware that he was pleading guilty to domestic battery. Since neither the transcripts nor their equivalent was available, defendant asserts that defense counsel could not determine whether the trial court properly admonished defendant regarding the domestic battery charges.

The State concedes that failure to strictly comply with Rule 604(d) renders counsel ineffective. Nonetheless, the State argues that it is illogical to require defense counsel to certify that he has read a transcript that does not exist. In the State's view, if there is no requirement that a report of proceedings be prepared in misdemeanor cases, and if counsel cannot be required to certify that he has read the nonexistent report, then he cannot be considered ineffective for failing to do so. We agree with the State.

In *Grundset*, we rejected a similar argument. There, the defendant was charged with a misdemeanor not punishable by imprisonment in the penitentiary; thus, a transcript of the proceedings at the guilty plea hearing was not required. *Grundset*, 63 Ill. App. 3d at 789. Further, the defendant in *Grundset* failed to implement Rule 323 to furnish a bystander's report or an agreed statement of facts. *Grundset*, 63 Ill. App. 3d at 790. Nevertheless, he argued that the lack of a transcript of the guilty plea hearing deprived him of the effective assistance of counsel since his attorney could not adequately state the basis for vacating the plea. *Grundset*, 63 Ill. App. 3d at 789. We specifically rejected the notion that the requirements of Rule 604(d) were impossible to fulfill due to the lack of a transcript of the guilty plea hearing. *Grundset*, 63 Ill. App. 3d at 789-90. Finding that the lack of a transcript of the guilty plea proceedings was not a constitutional issue, we found no ineffective assistance of counsel. *Grundset*, 63 Ill. App. 3d at 790. Because we do not interpret Rule 604(d) as requiring defense counsel to review guilty plea transcripts or their equivalent in misdemeanor cases, defendant's claim that his counsel was ineffective for failing to comply with Rule 604(d) must fail.

Next, defendant argues that the distinction between felony and misdemeanor cases is unreasonable and violates the equal protection clauses of the fourteenth amendment and the Illinois Constitution. Defendant relies on *Mayer v. City of Chicago*, 404 U.S. 189, 30 L. Ed. 2d 372, 92 S. Ct. 410 (1971), which held that Illinois Supreme Court Rule 607(b) violated the fourteenth amendment of the United States Constitution because it required that a free transcript be given indigent defendants only in felony and not in nonfelony cases. As defendant recognizes, *Mayer* is distinguishable from the case at bar because it concerned an indigent defendant requesting a transcript under Rule 607(b) for purposes of appeal. *Mayer*, 404 U.S. at 190-91, 30 L. Ed. 2d at 376, 92 S. Ct. at 412-13. Here, we address whether Rule 604(d) requires review of guilty plea transcripts in misdemeanor cases at a postplea hearing.

We do not read *Mayer* or its progeny as requiring a verbatim transcript in misdemeanor cases. See *People v. Hopping*, 60 Ill. 2d 246, 250 (1975); *People v. Kline*, 16 Ill. App. 3d 1017, 1020 (1974). In *Hopping*, the defendants argued that Rule 402(e) must be construed to require that verbatim transcripts be furnished to indigent defendants who pleaded guilty to misdemeanors and that their right to equal protection was violated unless such transcripts were furnished to them. *Hopping*, 60 Ill. 2d at 251. The court, however, held that Rule 402 does not purport to state constitutional requirements. *Hopping*, 60 Ill. 2d at 251. Noting that the defendants failed to avail themselves of Supreme Court Rule 323, which provides for the preparation of a proposed report of proceedings by the appellant in the event that no verbatim transcript is available, the court determined that neither the Illinois nor the United States Constitution required that the defendants be furnished with verbatim transcripts of the guilty plea hearings. *Hopping*, 60 Ill. 2d at 253-54.

Defendant further argues that all parties, not just defendant, are responsible for ensuring that Rule 604(d) attorney's certification requirements are strictly complied with. He relies on a case recently decided by this court where we stated:

> "Since the State pays for the defense counsel, prosecutor, and judge in this case, perhaps they all should be concerned with conserving the State's resources and pay attention to the fact that a Rule 604(d) certificate was not filed." *In re Omar A.*, 335 Ill. App. 3d 732, 733-34 (2002).

Contrary to defendant's assertion, this language does not translate into a constitutional requirement that a transcript or its equivalent be prepared in misdemeanor cases. While all parties should be concerned with complying with Rule 604(d), there is simply no requirement that

a transcript be prepared in cases not punishable by imprisonment in the penitentiary.

Last, defendant argues that not extending the "guilty plea transcript-review" portion of Rule 604(d) to misdemeanor guilty pleas would contravene the spirit of that rule because it would ensure that alleged errors would first be raised before the appellate court rather than the trial court. Because Supreme Court Rule 607(b) allows a defendant to petition the trial court for transcripts that are sent to appellate counsel, defendant argues that the trial court would not be the first to review alleged errors in the guilty plea proceedings. Defendant notes that Rule 604(d) was "designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed." *Wilk*, 124 Ill. 2d at 106. This argument lacks merit.

Contrary to defendant's assertion, Rule 607(b) does not require that a verbatim transcript be prepared in every matter. Rather, Rule 607(b) relates to the right of an indigent defendant to obtain copies of an available transcript free of charge. Because defendant was convicted of misdemeanors not punishable by imprisonment in the penitentiary, there was no requirement that a transcript be prepared under Rule 402(e). As a result, Rule 607(b) may not be used to provide a transcript that does not exist. Additionally, Rule 323 does allow alternate means for the preparation of a record with respect to review of such guilty pleas where no verbatim transcript is available. *Hopping*, 60 Ill. 2d at 253. However, defendant here failed to avail himself of such other means. Finally, with respect to the purpose behind Rule 604(d), we note that the trial court was given the first opportunity in this case to consider defendant's alleged errors regarding his guilty plea. After a full hearing where defendant was allowed to testify as to why his guilty plea should be vacated, the trial court determined that his motion should be denied.

In sum, we hold that defense counsel's certificate was in full compliance with Rule 604(d) and that a remand for new filings is not required. For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.