THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK KERKERING, Defendant-Appellant.

Fourth District    No. 4—94—0970

Opinion filed October 25, 1996, *nunc pro tunc* October 3, 1996.

Daniel D. Yuhas and Duane E. Schuster, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

In February 1993, defendant Mark Kerkering pleaded guilty to one count of child pornography in violation of section 11—20.1(a)(6) of the Criminal Code of 1961 (Code) (720 ILCS 5/11—20.1(a)(6) (West 1992)) and one count of criminal sexual assault in violation of section 12—13(a)(3) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(3)). In exchange for the plea, the State agreed to drop nine other charges. There was no agreement as to the sentence.

Defendant was sentenced to 3 years' imprisonment on the child pornography charge and 10 years' imprisonment on the criminal sexual assault charge. The sentences were made to run concurrently. Defendant, through his attorney, filed a timely motion to reconsider sentence. The trial court denied defendant's motion, and defendant appealed, alleging the trial court abused its discretion in sentencing him. This court vacated and remanded the cause, noting there was noncompliance with Rule 604(d) (145 Ill. 2d R. 604(d)) and concluding that "defendant is entitled to a remand for the filing of a new motion to reduce sentence." *People v. Kerkering*, No. 4—93—0495, slip order at 2 (September 23, 1994) (unpublished order under Supreme Court Rule 23).

Upon remand, defendant's attorney filed a proper Rule 604(d) certificate. Defense counsel, however, did not file a new motion to reduce sentence. Defense counsel reargued the motion before the court. In addition to matters raised in defendant's motion to reconsider sentence, defense counsel argued that defendant had been a model prisoner while his case was on appeal. Defendant was present at this hearing. The trial court again denied defendant's motion to reconsider sentence and defendant again appeals. We affirm.

Defendant argues that this court must once again vacate and remand this case because there was noncompliance with Rule 604(d), the supreme court's decision in *People v. Janes*, 158 Ill. 2d 27, 630 N.E.2d 790 (1994), and this court's previous order. Specifically, defendant argues that, upon remand, defense counsel was *required* to file not only a Rule 604(d) certificate, but also a new motion to reconsider sentence.

In the first appeal, this court concluded that the case had to be remanded under the authority of *Janes*. In *Janes*, the defendant pleaded guilty to three counts of murder. The trial court sentenced the defendant to death, and the defendant filed a *pro se* motion to withdraw his guilty plea and a motion for resentencing. The defendant's attorney stated that he felt as though his obligations as a court-appointed attorney had terminated, but that he would argue the motion nonetheless. The defendant's attorney did not file a Rule 604(d) certificate.

The *Janes* court noted that all five districts of the appellate court had held that Rule 604(d) requires strict compliance. *Janes*, 158 Ill. 2d at 32, 630 N.E.2d at 792. The court quoted with approval the fifth district's decision in *People v. Hayes*, 195 Ill. App. 3d 957, 960-61, 553 N.E.2d 30, 32 (1990), wherein the court found:

> " 'We are obliged to follow the supreme court ruling in [*People v. Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218 (1988),] and hold that defendant be allowed to file a new motion to withdraw his guilty plea and be allowed a new hearing due to defense counsel's error in not filing the required Rule 604(d) certificate ***.' " *Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 792.

The *Janes* court then affirmed the holdings of each district of the appellate court which had "granted the defendants therein the right to file a new motion to withdraw guilty plea and the right to have a hearing on the new motion." *Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 792. The court then "unequivocally" stated:

> "[W]ith the exception of the motion requirements addressed in *Wilk* and [*People v. Wallace*, 143 Ill. 2d 59, 570 N.E.2d 334 (1991)], the remedy for failure to strictly comply with each of the provi-

sions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 792.

The supreme court retained jurisdiction and remanded the case "to allow defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d)." *Janes*, 158 Ill. 2d at 35-36, 630 N.E.2d at 794.

In support of his argument that trial counsel's failure to file a new motion to reconsider sentence requires a remand, defendant relies upon the second district's decision in *People v. Oliver*, 276 Ill. App. 3d 929, 659 N.E.2d 435 (1995). The facts in *Oliver* are very similar to the facts in the case at bar. In *Oliver*, the defendant filed a motion to withdraw her guilty plea. The trial court denied the motion and the defendant appealed. The second district vacated the trial court's ruling because defense counsel had not filed a Rule 604(d) certificate. Upon remand, the defendant's new attorney filed a Rule 604(d) certificate and stated that he had no amendments to the previously filed motion. The defense attorney "stated that he would stand on the previous motion. The State's Attorney stipulated that the testimony would be the same as at the prior hearing." *Oliver*, 276 Ill. App. 3d at 931, 659 N.E.2d at 437. The trial court again denied the defendant's motion, and the defendant appealed again. *Oliver*, 276 Ill. App. 3d at 931, 659 N.E.2d at 437.

Picking up on the language in *Janes* that "the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence *and* a new hearing on the motion" (emphasis added) (*Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 792), the *Oliver* court concluded that *Janes* "*requires a new motion* and a new hearing after a remand for the failure to comply with Rule 604(d)." (Emphasis added.) *Oliver*, 276 Ill. App. 3d at 932, 659 N.E.2d at 438. The court also held that "[t]he failure to file a new motion alone would be sufficient to render the second hearing nugatory." *Oliver*, 276 Ill. App. 3d at 932, 659 N.E.2d at 438. The case was remanded again. For reasons detailed below, we disagree with the *Oliver* court's interpretation of *Janes*.

■ If a defendant wishes to appeal a guilty plea or the sentence imposed by the trial court, he must strictly comply with Rule 604(d). *Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 792. Under Rule 604(d), a defendant must first file a written motion to withdraw the plea of guilty or to reconsider the sentence. The motion must then be presented to the trial judge. If the defendant is indigent, the court must appoint counsel. The defendant's attorney must then file

"a certificate stating that the attorney has consulted with the defendant *** to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).

The trial court must hear the motion promptly. If the motion is denied, the defendant may then appeal.

■ In the instant case, defendant filed, through his attorney, a timely motion to reconsider sentence. Until this point, the defendant had complied with Rule 604(d). However, defendant's attorney did not file a Rule 604(d) certificate and, therefore, did not comply with Rule 604(d). This being the case, the trial court should not have proceeded to a hearing on the motion. Upon remand, however, defendant's trial counsel filed the necessary Rule 604(d) certificate. The court then held a new hearing on the motion. Thus, contrary to defendant's appellate attorney's contentions, defendant has now strictly complied with Rule 604(d).

The question then becomes whether *Janes* or this court's earlier order that "defendant is entitled to a remand for the filing of a new motion to reduce sentence" (*Kerkering*, No. 4—93—0495, slip order at 2 (September 23, 1994) (unpublished order under Supreme Court Rule 23)) *requires* that defendant's attorney, upon remand, file a *new* motion to reconsider sentence. We conclude that they do not.

Rule 604(d) permits an attorney to amend a defendant's motion to withdraw a plea of guilty if it is "necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d). In the instant case, the defect in the proceedings below occurred when defendant's trial counsel initially failed to file the Rule 604(d) certificate. Logically, this is where the case should begin again upon remand: with the attorney reviewing the proceedings for potential error and, *if necessary*, making amendments to the motion. Regardless of whether the attorney amends the motion, the attorney *must* then file the Rule 604(d) certificate. After the Rule 604(d) certificate has been filed, the trial court *must* hold a second hearing on the motion. This is because of the well-established rule that the filing of the Rule 604(d) certificate is a condition precedent to a hearing on the motion. *People v. Hancock*, 208 Ill. App. 3d 1092, 1093, 567 N.E.2d 633, 634 (1991).

We believe this decision comports with the *Janes* decision. The *Janes* court based its decision upon the rationale in several appellate court cases, and the *Hayes* decision in particular. Nowhere in the *Hayes* opinion is it stated that, upon remand, trial counsel *must* file a

new motion to reconsider sentence or to withdraw guilty plea. Rather, the *Hayes* court held that the defendant should be "*allowed* to file a new motion to withdraw his guilty plea and *** *allowed* a new hearing." (Emphasis added.) *Hayes*, 195 Ill. App. 3d at 961, 553 N.E.2d at 32; see also *People v. Denson*, 243 Ill. App. 3d 55, 62, 611 N.E.2d 1230, 1234 (1993) (defendant will be allowed to file a new motion to withdraw his guilty plea and will be allowed a hearing on the new motion); *People v. Vickery*, 207 Ill. App. 3d 574, 576, 566 N.E.2d 495, 496 (1991) (adopting *Hayes*). Furthermore, notwithstanding the language in *Janes* which suggests that the filing of a new motion is required, the *Janes* court used permissive language when it remanded the cause "to *allow* defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d)." (Emphasis added.) *Janes*, 158 Ill. 2d at 36, 630 N.E.2d at 794.

We believe a reading of *Janes* that makes the filing of a new Rule 604(d) motion permissive rather than mandatory is more logical and better suits the goal of judicial economy. Therefore, we hold that when a case is remanded for the filing of a Rule 604(d) certificate, the attorney need only file a new motion to reconsider sentence or to withdraw guilty plea if he or she determines that such action is "necessary for [the] adequate presentation of any defects" (145 Ill. 2d R. 604(d)) in the guilty plea or sentencing proceedings. Thereafter, the trial court must conduct a new hearing on the motion. In this case, defendant's trial attorney apparently did not believe that any amendments were necessary. The trial court conducted a new hearing. Accordingly, this case need not be remanded.

■ This leaves the court with the question of whether defendant's sentence was an abuse of discretion. We conclude that it was not. The imposition of a sentence is a matter of judicial discretion, and the standard of review to determine whether a sentence is excessive is whether a trial court abused that discretion. *People v. McCain*, 248 Ill. App. 3d 844, 850, 617 N.E.2d 1294, 1299 (1993). A trial court's sentencing decisions are entitled to great deference and weight. *McCain*, 248 Ill. App. 3d at 850, 617 N.E.2d at 1299. Where a sentence falls within the statutory guidelines, it will not be disturbed on review unless it is manifestly disproportionate to the nature of the case. *People v. Nussbaum*, 251 Ill. App. 3d 779, 783, 623 N.E.2d 755, 758 (1993).

Defendant was convicted of criminal sexual assault in violation of section 12—13(a)(3) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(3)). This is a Class 1 felony (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(b)) punishable by not less than 4 years and not more than 15

years (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(4)). Defendant was charged with child pornography in violation of section 11—20.1(a)(6) of the Code (720 ILCS 5/11—20.1(a)(6) (West 1992)). This is a Class 4 felony (720 ILCS 5/11—20.1(c) (West 1992)) punishable by not less than one year and not more than three years (730 ILCS 5/5—8—1(a)(7) (West 1992)). Defendant could have been sentenced to consecutive terms of imprisonment. 730 ILCS 5/5—8—4(a) (West 1992). Defendant's sentence falls within the statutory guidelines.

At the sentencing hearing, defendant offered several factors in mitigation supporting a lesser sentence. In particular, defendant noted that (1) he had accepted responsibility for his actions; (2) he had cooperated with police; (3) he lacked a prior criminal record; (4) he was gainfully employed; (5) this was an event that was unlikely to recur; (6) he was willing to seek treatment and obey the terms of probation; and (7) his family had a history of sexual abuse. However, the existence of mitigating factors does not automatically obligate the court to reduce the sentence from the maximum. *People v. Houck*, 185 Ill. App. 3d 585, 588, 541 N.E.2d 813, 815 (1989).

The record also indicates that the trial court considered factors in aggravation. The trial court heard evidence that defendant had been abusing his children for years. One of his victims reported suffering serious ongoing problems as a result of the years of abuse. The trial court found that it would be inconsistent with the ends of justice to sentence defendant to probation. In short, the record reveals that the trial court properly considered all relevant mitigating and aggravating factors when it determined defendant's sentence. In doing so, the trial court imposed a sentence well within the statutory range. The trial court did not abuse its discretion in its sentencing defendant to concurrent terms of 3 years' imprisonment for the child pornography conviction and 10 years' imprisonment on the criminal sexual assault conviction.

For the foregoing reasons, the trial court's judgment is affirmed.

Affirmed.

GREEN and KNECHT, JJ., concur.