Filed 2/4/10          NO. 4-09-0654

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )  Appeal from
          Plaintiff-Appellee,         )  Circuit Court of
          v.                          )  Livingston County
PATRICK W. CLOYD,                     )  No. 08CF228
          Defendant-Appellant.        )
                                      )  Honorable
                                      )  Jennifer H. Bauknecht,
                                      )  Judge Presiding.

_____

JUSTICE KNECHT delivered the opinion of the court:

This appeal comes to us on the motion of defendant's counsel, the office of the State Appellate Defender (OSAD), for remand for strict compliance with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)).

I. BACKGROUND

In September 2008, the State filed a four-count information charging defendant, Patrick W. Cloyd, with residential burglary, a Class 1 felony, committed on or about September 11, 2008, to September 14, 2008 (720 ILCS 5/19-3(a), (b) (West 2006)) (count I); unlawful possession of stolen firearms, a Class 2 felony, as to two separate weapons, committed September 18, 2008 (720 ILCS 5/16-16(a), (b) (West 2006)) (counts II and III); and unlawful use of a weapon, a Class 3 felony (720 ILCS 5/24-1(a)(7)(ii) (West 2006)) (count IV).

In December 2008, defendant entered an open plea of guilty to the charged offenses. The trial court advised

defendant on the nature of the charges, the possible penalties, and the rights he was giving up by pleading guilty. The court heard the factual basis that the guns were taken from another person's home by defendant and recovered by police several days later. The court accepted the plea.

In May 2009, the trial court sentenced defendant to concurrent prison terms of 8 years for residential burglary (count I) with credit for 229 days' time served, 7 years for each count of unlawful possession of a firearm (counts II and III), and 5 years for unlawful use of a weapon (count IV). The court also ordered defendant to pay $2,022.46 restitution and fines ($20 CVF (crime victims fund) and $200 DNA (deoxyribonucleic acid)) and court costs ($203) within 12 months of his release. The court explained defendant's right to appeal and the necessity of a postplea motion and including any issues defendant had in that motion.

In May 2009, defense counsel filed a motion to reconsider sentence. After an August 2009 hearing, the trial court denied the motion. Several days later, defense counsel, Public Defender Randall S. Morgan, filed a form certificate stating as follows:

> "In accord with Illinois Supreme Court
> Rule 604(d), the undersigned attorney for
> defendant states to the Court that said
> attorney has done each of the following in

this case:

1. Consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or entry of the plea of guilty in this case,

[  ] By Mail _____
_____
_____

[ x] In person _____
_____
_____

2. Examined the trial court file (the file of the Circuit Court) in this case.

3. <u>Was</u> <u>present</u> <u>during</u> <u>the</u> proceedings of the plea of guilty in this case <u>as</u> <u>trial</u> <u>counsel</u>.

4. Made any amendments to the motion necessary for adequate presentation of any defects in the proceedings upon the plea of guilty and sentencing in this case." (Emphasized material added by interlineation.)

Defense counsel amended item (3) above by interlineation, to read

as follows:  "Was present during the proceedings of the plea of guilty in this case as trial counsel."  After a hearing in August 2009, the trial court denied the motion.  This appeal followed, and OSAD has been appointed to represent defendant on appeal.

## II. ANALYSIS

OSAD has filed a motion for remand, contending that defendant's counsel failed to file a certificate strictly complying with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)).  Rule 604(d) provides as follows:

> "(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty.  ***  The defendant's attorney shall file with the trial court a certificate stating that the attorney [(1)] has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in [(a)] the sentence or [(b)] the entry of the plea of guilty[,] [(2)] has examined the [(a)] trial court file and [(b)] report of proceedings of the plea of guilty, and [(3)] has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  210 Ill. 2d R. 604(d).

We note the certificate requirements are a single

- 4 -

sentence of Rule 604(d). Brackets were added above to break out the elements. This court also summarized these elements in its 2007 opinion in People v. Grice, 371 Ill. App. 3d 813, 817, 867 N.E.2d 1143, 1146-47 (2007). OSAD states that counsel's certificate is deficient, specifically, counsel failed to certify that he examined the report of proceedings of the December 2008 proceeding wherein defendant admitted his guilt in this case. Instead, he wrote in he "was present during the proceedings of the plea of guilty in this case as trial counsel."

Defendant claims he is entitled to remand for the filing of a new postplea motion under the controlling precedent of People v. Janes, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994). See also People v. Prather, 379 Ill. App. 3d 763, 769, 887 N.E.2d 44, 47-48 (2008) (Fourth District). The State notes the trial judge agreed with defense counsel that the transcript need not be prepared when, as in this case, the same attorney was at the guilty-plea hearing. The State found no authority supporting this interpretation of Rule 604(d), however, and quoted this court's 2007 opinion in Grice, stating the certificate must show defendant's "attorney has examined the report of proceedings of the plea of guilty." Grice, 371 Ill. App. 3d at 817, 867 N.E.2d at 1147. The State therefore concedes the case should be remanded, and we agree.

The transcript of the August 2009 hearing on defendant's motion to reconsider contains the following colloquy

on the Rule 604(d) certificate:

"THE COURT: ***

*** Mr. Morgan [(defense counsel)], I believe I will need a [Rule] 604(d) certificate from you.

MR. MORGAN: Well, I think--

THE COURT: The Fourth District is requiring it on a motion to reconsider the sentence I believe.

MR. MORGAN: Perhaps we can talk about this, Judge. I take it from another case that we have that this is really a change in procedure. When I've been the attorney of record from day one, I attend the trial or sentencing hearing, whatever, and we get to this stage, then it's never been the procedure that I then have to file a 604 certificate because it's saying that I reviewed the transcript, etc., because obviously I was there. We don't have a transcript of that hearing normally prepared.

THE COURT: Right.

MR. MORGAN: I believe there's a cost difference in having the county pay for it as opposed to waiting and having the State pay

for it.

THE COURT:  Right.

MR. MORGAN:  If we're now going to have to do that, that means I'm going to have to order a sentencing transcript in every case even though I was there at the sentencing hearing so I can then sign the certificate saying I've reviewed the transcript in preparation as I understand it.

THE COURT:  Well, okay.  You agree with me that we've gotten cases kicked back. Right?

MR. MORGAN:  It seems to be.  Even though I think there was a decision on that case, I think the Appellate Defender has said, there's no certificate, send it back.

THE COURT:  It's my understanding, and perhaps this will be clarified down the road, that the certificate would be satisfied by you indicating in the other section that you were the attorney of record and present at the sentencing hearing and aware of everything so that--

MR. MORGAN:  That's fine.  The rule is so convoluted--I'm sure the Appellate Court

has heard that before--because it doesn't say exactly what the situation is. You can read it in any different way. So I have in the past said that, and they don't seem to have a problem with that.

THE COURT: I would be satisfied if you would indicate it on the [Rule] 604(d) certificate until they tell me that actually we are to transcribe it which of course has tremendous cost implications to the county.

MR. MORGAN: Yes.

THE COURT: So at this point if--I think we have a form.

MR. MORGAN: We do. I'll fill out the form and get it on file today, and that's the procedure I'll follow.

THE COURT: Just indicate that you were the attorney of the record and were at the hearing and are aware of the issues raised, and then I can take up your motion to reconsider. We've got the form for you, Mr. Morgan.

MR. MORGAN: Thank you, Judge. I guess the procedure to elaborate further, Judge, I've just never filed this if I was the

attorney of record.  It just never came up.

THE COURT:  I know.  I understand that, but the problem is I'm getting these appeals thrown back to me in order to comply with the rules so that's what we're doing.

All right.  I think that should be sufficient.  At least we'll try it and see what they think about that."

We note the December 2008 guilty-plea proceeding runs from page 6, the cover page, through page 13 of volume III in the record before us; the May 2009 sentencing hearing to which defense counsel refers runs from page 31, the cover page, to page 52 of volume III.  The colloquy suggests defense counsel elected not to have transcripts of either the guilty-plea or the sentencing hearing prepared for his examination, consistent with his common practices.

The question of whether defense counsel complied with Rule 604(d) is subject to de novo review.  People v. Johnson, 363 Ill. App. 3d 356, 359, 843 N.E.2d 434, 437 (2006), rev'd & remanded on other grounds, 225 Ill. 2d 573, 870 N.E.2d 415 (2007), citing People v. Lloyd, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169, 1173 (2003); see also Grice, 371 Ill. App. 3d at 815, 867 N.E.2d at 1145.  In ascertaining whether compliance has occurred, we are mindful that "[t]he supreme court's rules are not aspirational; rather, they have the force of law."  People v.

<u>Young</u>, 387 Ill. App. 3d 1126, 1127, 903 N.E.2d 434, 435 (2009), citing <u>Bright v. Dicke</u>, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995). As stated in <u>Bright</u>, "[t]hey are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." <u>Bright</u>, 166 Ill. 2d at 210, 652 N.E.2d at 278; see also <u>People v. Campbell</u>, 224 Ill. 2d 80, 87, 862 N.E.2d 933, 938 (2006) (modified on denial of rehearing). The certificate itself is all this court will consider to determine compliance with Rule 604(d). <u>Grice</u>, 371 Ill. App. 3d at 816, 867 N.E.2d at 1146. Our supreme court was not unclear in <u>Janes</u>. Strict compliance is required. <u>People v. Pressey</u>, 357 Ill. App. 3d 887, 890-91, 829 N.E.2d 426, 430 (2005).

The manifest purpose of a transcript of the guilty-plea proceeding is to permit defense counsel the opportunity to review and reflect upon the events as they transpired, with a fresh eye, rather than through memory alone. When a defendant pleads guilty, he or she admits the offense(s) and saves the county the expense of a jury trial, the right to which they waive by entry of the guilty plea. The final sentence of Rule 604(d) expressly provides: "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 210 Ill. 2d R. 604(d). The preparation of this postplea motion thus has great significance to a defendant. The particulars of the

- 10 -

certificate requirements both give meaning to a defendant's right to appeal and assist defense counsel in fulfilling their duties to their client to the best of their ability--not to the best of their memory. We understand the desire to take what might be viewed as a practical approach. However, trial courts and counsel must comply with the rules as written, rather than interpreting and applying them in a manner so as to shift the costs from one public pocket to another.

### III. CONCLUSION

Accordingly, we grant OSAD's motion and remand the cause for further proceedings consistent with Rule 604(d), that is, the appointment of counsel, the filing of a new motion to withdraw guilty plea or to reconsider sentence, a new hearing on the motion, and for strict compliance with Rule 604(d) in the filing of any certificate under the rule.

Remanded with directions.

MYERSCOUGH, P.J., and STEIGMANN, J., concur.

- 11 -