NOTICE

Decision filed 09/22/10. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-08-0660

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS,) Appeal from the
) Circuit Court of
      Plaintiff-Appellee, ) Clinton County.
)
v. ) No. 06-CF-42
)
JAMES MORTON, JR., ) Honorable
) Dennis E. Middendorff,
      Defendant-Appellant. ) Judge, presiding.
_____

JUSTICE DONOVAN delivered the opinion of the court:

James Morton, Jr., defendant, pled guilty to predatory criminal sexual assault and was sentenced by the circuit court of Clinton County to 24 years' imprisonment. Defendant filed a motion to reduce his sentence, but counsel did not file a certificate of compliance with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). The State agrees that a remand for the filing of a Rule 604(d) certificate is required. The State also contends that defense counsel does not necessarily have to file a new motion to reduce the sentence. We agree.

The question presented here arises from differing interpretations of the remand language found in *People v. Janes*, 158 Ill. 2d 27, 630 N.E.2d 790 (1994). In *Janes*, the defendant pled guilty to murder and was sentenced to death. The defendant filed a motion to withdraw his guilty plea, but counsel did not file a Rule 604(d) certificate. The trial court denied the defendant's motion. In reversing the circuit court, the supreme court stated as follows:

"[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw

1

guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 792.

The *Janes* court remanded the cause to the circuit court "to allow defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d)." *Janes*, 158 Ill. 2d at 35-36, 630 N.E.2d at 793-94.

In *People v. Oliver*, 276 Ill. App. 3d 929, 659 N.E.2d 435 (1995), the Second District vacated the circuit court's denial of the defendant's motion to withdraw her guilty plea because trial counsel had failed to file a Rule 604(d) certificate, and the court remanded the cause for further proceedings. On remand, trial counsel filed the required certificate and elected to stand on the original motion to withdraw the guilty plea. The State stipulated that the testimony would be the same as at the prior hearing. The trial court again denied the motion. On appeal, the defendant argued that the perfunctory proceedings which occurred in the trial court after the remand did not comply with the appellate court's mandate to hold a new hearing. The appellate court agreed, holding that *Janes* required both a new motion to withdraw the guilty plea and a new hearing thereon. *Oliver*, 276 Ill. App. 3d at 932, 659 N.E.2d at 438. The Second District essentially reaffirmed this position in *People v. Love*, 385 Ill. App. 3d 736, 896 N.E.2d 1062 (2008), wherein it reversed the trial court's denial of the defendant's motion to withdraw his guilty plea and remanded the cause "for defendant's attorney to file a new motion under Rule 604(d) and otherwise to comply fully with the requirements of that rule." *Love*, 385 Ill. App. 3d at 739, 896 N.E.2d at 1066.

The Fourth District in *People v. Kerkering*, 283 Ill. App. 3d 867, 671 N.E.2d 368 (1996), disagreed with the analysis in *Oliver*. The Fourth District first vacated the trial court's order denying the defendant's motion to reconsider his sentence and remanded the cause because trial counsel had failed to file a Rule 604(d) certificate. On remand, defense counsel filed the certificate but did not file a new motion to withdraw the plea. Following

2

a new hearing on the original motion to reconsider the sentence, the trial court again denied the motion.  Citing *Oliver*, the defendant argued on appeal that *Janes* required counsel to file both a certificate and a new Rule 604(d) motion.  The Fourth District, disagreeing with the Second District's interpretation of *Janes*, rejected the defendant's argument and affirmed the judgment of the trial court.  The court noted that while in one part of the *Janes* opinion, the supreme court used language suggesting that the filing of a new Rule 604(d) motion was mandatory, the supreme court also used permissive language when it remanded the cause to the circuit court " 'to *allow* defendant to file a new motion to withdraw his guilty plea.' " (Emphasis in original.)  *Kerkering*, 283 Ill. App. 3d at 872, 671 N.E.2d at 372 (quoting *Janes*, 158 Ill. 2d at 36, 630 N.E.2d at 794).  The Fourth District reaffirmed this position in *People v. Davis*, 298 Ill. App. 3d 630, 699 N.E.2d 591 (1998).

We agree with the Fourth District's interpretation of *Janes*.  As stated in *Kerkering*:

"We believe a reading of *Janes* that makes the filing of a new Rule 604(d) motion permissive rather than mandatory is more logical and better suits the goal of judicial economy.  Therefore, we hold that when a case is remanded for the filing of a Rule 604(d) certificate, the attorney need only file a new motion to reconsider sentence or to withdraw guilty plea if he or she determines that such action is 'necessary for [the] adequate presentation of any defects' (145 Ill. 2d R. 604(d)) in the guilty plea or sentencing proceedings.  Thereafter, the trial court must conduct a new hearing on the motion.  In this case, defendant's trial attorney apparently did not believe that any amendments were necessary.  The trial court conducted a new hearing.  Accordingly, this case need not be remanded."  *Kerkering*, 283 Ill. App. 3d at 872, 671 N.E.2d at 372.

We also recognize that there are circumstances when the appellate court, after reviewing the record, may decide that the filing of a new Rule 604(d) motion is required to

adequately represent the defendant. See *People v. Cloyd*, 397 Ill. App. 3d 1084, 931 N.E.2d 261 (2010). This is not one of those instances. We, therefore, will leave it up to defense counsel to determine whether a new motion to reduce the sentence should be filed to adequately present defendant's objections to his sentence.

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded with directions that defendant be allowed to file a new motion to reconsider sentence, if he so chooses, that a new hearing on the motion be held, and that strict compliance with Rule 604(d) in filing a certificate under the rule be followed.


Reversed; cause remanded with directions.


CHAPMAN and SPOMER, JJ., concur.

NO. 5-08-0660

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
Plaintiff-Appellee, ) Clinton County.
)
v. ) No. 06-CF-42
)
JAMES MORTON, JR., ) Honorable
) Dennis E. Middendorff,
Defendant-Appellant. ) Judge, presiding.
_____

**Opinion Filed**: September 22, 2010
_____

**Justices**: Honorable James K. Donovan, J.

Honorable Melissa A. Chapman, J., and
Honorable Stephen L. Spomer, J.,
Concur
_____

**Attorneys** Michael J. Pelletier, State Appellate Defender, Johannah B. Weber, Deputy Defender,
**for** Dan W. Evers, Assistant Appellate Defender, Office of the State Appellate Defender,
**Appellant** 117 N. Tenth Street, Suite 300, Mt. Vernon, IL 62864
_____

**Attorneys** Hon. John Hudspeth, State's Attorney, Clinton County Courthouse, Carlyle, IL
**for** 62231, Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Kevin D.
**Appellee** Sweeney, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Fifth
District Office, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL
62864
_____