Docket No. 110089.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT W. LINDSAY, Appellee.

*Opinion filed January 21, 2011.*

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

The issue in this case is whether, on remand for the failure to file a Rule 604(d) certificate of compliance, defense counsel also must file a new motion to withdraw the guilty plea and/or reconsider the sentence. We hold that, where counsel concludes that the original motion is sufficient, a new motion need not be filed.

## BACKGROUND

Defendant, Robert W. Lindsay, pleaded guilty to one count of delivering a controlled substance (720 ILCS 570/401(a)(2)(C) (West 2006)) and was sentenced to 14 years in prison. Defense counsel filed

a motion to reconsider the sentence but did not file a Rule 604(d) certificate of compliance. Ill. S. Ct. R. 604(d) (eff. July 1, 2006). The circuit court of Du Page County denied defendant's motion, and defendant appealed. In an unpublished order, the appellate court reversed and remanded for compliance with Rule 604(d). *People v. Lindsay*, No. 2–07–1198 (Mar. 26, 2008) (unpublished order under Supreme Court Rule 23). On remand, defense counsel filed a Rule 604(d) certificate but did not file a new motion to reconsider the sentence. Instead, she stood on the original motion, telling the trial court:

> "There really is nothing to add. [W]e did have argument on the motion at the time, and I really don't have anything to add to that. The court is aware of what was argued at the time."

After stating that it had reviewed the file, reviewed the PSI report, and reviewed the proceedings from the original hearing on defendant's motion to reconsider, the trial again denied the motion.

Defendant appealed again, and again the appellate court reversed and remanded. No. 2–09–0245 (unpublished order under Supreme Court Rule 23). According to the appellate court, defense counsel on remand was required to file not only a Rule 604(d) certificate of compliance but also a new motion to reconsider defendant's sentence. In reaching this result, the court relied exclusively on *People v. Oliver*, 276 Ill. App. 3d 929 (1995), which held that this court's decision in *People v. Janes*, 158 Ill. 2d 27 (1994), "requires a new motion and a new hearing after a remand for the failure to comply with Rule 604(d)." *Oliver*, 276 Ill. App. 3d at 932. At the same time, the court expressly declined to follow *People v. Kerkering*, 283 Ill. App. 3d 867 (4th Dist. 1996), which construed *Janes* to say that, "when a case is remanded for the filing of a Rule 604(d) certificate, the attorney need only file a new motion to reconsider sentence or to withdraw guilty plea if he or she determines that such action is 'necessary for [the] adequate presentation of any defects.' " *Id*. at 872 (quoting Ill. S. Ct. R. 604(d) (eff. Aug. 1, 1992)).

The State appealed to this court, asking us to resolve the conflict between *Oliver* and *Kerkering*. We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

DISCUSSION

In this case, we are asked to clarify our interpretation of Supreme Court Rule 604(d), as set forth in *People v. Janes*, 158 Ill. 2d 27 (1994). This is a question of law, and our review therefore is *de novo*. *In re D.S.*, 198 Ill. 2d 309, 321 (2001).

The Conflict

We begin at the source. In *Janes*, the defendant entered an open guilty plea to three counts of murder and was sentenced to death. Immediately thereafter, defendant filed a *pro se* motion to withdraw the guilty plea and reconsider the sentence. Although appointed counsel argued the motions on defendant's behalf, he did not file a certificate stating compliance with Rule 604(d). In reversing and remanding, this court began by examining a series of factually analogous appellate court decisions. According to this court, the appellate court in those cases concluded that the appropriate remedy for the failure to file a Rule 604(d) certificate was to "grant[ ] the defendants therein *the right* to file a new motion to withdraw guilty plea and *the right* to have a hearing on the new motion." (Emphasis added.) *Janes*, 158 Ill. 2d at 33. The court then stated:

> "With this opinion, *we affirm the holdings of these cases* and unequivocally state that, with [certain exceptions not relevant here], the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court *for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion*." (Emphases added.) *Id*.

The court then remanded the cause to the circuit court "*to allow* defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d)." (Emphasis added.) *Id*. at 36.

*Oliver*

The first appellate decision to construe *Janes* was *People v. Oliver*, 276 Ill. App. 3d 929 (1995). In *Oliver*, as in *Janes*, defense counsel failed to file a Rule 604(d) certificate. Accordingly, the court remanded for compliance with Rule 604(d). On remand, defense

counsel filed a Rule 604(d) certificate but did not file a new motion to withdraw the guilty plea. Instead, counsel stood on the original motion and, with the State, stipulated that the testimony at the hearing on that motion would be the same. The trial court again denied the motion, and the defendant appealed.

The appellate court again reversed and remanded, holding that, in *Janes*, "[t]he supreme court *** made clear that 'the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.' " *Oliver*, 276 Ill. App. 3d at 931 (quoting *Janes*, 158 Ill. 2d at 33). Under this rule, the proceedings on remand failed for two reasons. First, "[t]he failure to file a new motion alone would be sufficient to render the second hearing nugatory." *Id.* at 932. Second, the "hearing" on remand was a sham, in that "no effort was made to restate for the court's benefit the evidence from the previous hearing, which occurred more than two years earlier, or to argue inferences from the evidence." *Id.* For both of the reasons, the appellate court concluded that "[t]he proceedings below were defective, and the cause must again be remanded." *Id.*

### Kerkering

The next case to construe *Janes* was *People v. Kerkering*, 283 Ill. App. 3d 867 (1996), another case in which defense counsel neglected to file a Rule 604(d) certificate. On remand, defense counsel filed a proper certificate but did not file a new motion to reconsider the sentence. Instead, counsel simply stood on and reargued the original motion, which the trial court again denied. This time, the appellate court affirmed. *Id.* at 873.

The *Kerkering* court began its analysis by walking through the process set forth in Rule 604(d). Under that rule, counsel is permitted to amend a defendant's motion to withdraw the guilty plea and/or reconsider the sentence if it is "necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Whether counsel amends the motion or not, counsel must file a certificate stating that he or she has reviewed the proceedings for potential error and, if necessary, amended the motion. Ill. S. Ct. R.

604(d) (eff. July 1, 2006). Once counsel files the certificate, the trial court may then hear and decide the motion. Ill. S. Ct. R. 604(d) (eff. July 1, 2006). In *Kerkering*, "the defect in the proceedings" was counsel's failure to file a Rule 604(d) certificate. *Kerkering*, 283 Ill. App. 3d at 871. Consequently, the court concluded, "this is where the case should begin again upon remand: with the attorney reviewing the proceedings for potential error and, if necessary, making amendments to the motion." (Emphasis omitted.) *Id.*

In reaching this result, the *Kerkering* court expressly "disagree[d] with the *Oliver* court's interpretation of *Janes*." *Id.* at 870. According to *Kerkering*, although *Janes* contains language that, on its face, appears to mandate the filing of a new motion on remand, the *Janes* court "based its decision upon the rationale in several appellate court cases, and the *Hayes* decision in particular." *Id.* at 871 (citing *People v. Hayes*, 195 Ill. App. 3d 957 (1990)). *Kerkering* found this significant because "[n]owhere in the *Hayes* opinion is it stated that, upon remand, trial counsel must file a new motion to reconsider sentence or to withdraw guilty plea." (Emphasis omitted.) *Id.* at 871-72. Rather, *Hayes* held only that the defendant be " '*allowed* to file a new motion to withdraw his guilty plea and *** *allowed* a new hearing.' " (Emphases in original.) *Id.* at 872 (quoting *Hayes*, 195 Ill. App. 3d at 961). As importantly, *Kerkering* observed, notwithstanding any mandatory language to the contrary, the *Janes* court "used permissive language when it remanded the cause 'to *allow* defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d).' " (Emphasis in original.) *Id.* (quoting *Janes*, 158 Ill. 2d at 36). Thus, *Kerkering* concluded, the proper reading of *Janes* is that "when a case is remanded for the filing of a Rule 604(d) certificate, the attorney need only file a new motion to reconsider sentence or to withdraw guilty plea if he or she determines that such action is 'necessary for [the] adequate presentation of any defects' [citation] in the guilty plea or sentencing proceedings." *Id.* (quoting Ill. S. Ct. R. 604(d) (eff. Aug. 1, 1992)).

## Resolution

After reviewing both *Oliver* and *Kerkering*, we are convinced that *Kerkering* represents the better reading of our decision in *Janes*. There is no question that this court used language in *Janes* that, in

isolation, appears to mandate the filing of a new motion on remand:

> "[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33.

And we can hardly fault the *Oliver* court for giving authoritative weight to this portion of our decision. That said, *Kerkering* correctly noted that the preceding language does *not* appear in isolation but rather immediately follows the court's explicit endorsement of a series of appellate court decisions holding that the appropriate remedy for the failure to file a Rule 604(d) certificate is to "grant[ ] the defendants therein *the right* to file a new motion to withdraw guilty plea and *the right* to have a hearing on the new motion." (Emphases added.) *Janes*, 158 Ill. 2d at 33. Unlike the language relied upon in *Oliver*, this language is permissive, allowing individual defendants to decide on a case-by-case basis whether the filling of a new motion on remand is warranted. And significantly, it was this *permissive* language that the court employed in the concluding paragraph of the decision, where the court sets forth its instructions for the remand:

> "Therefore, pursuant to this court's supervisory authority, we retain jurisdiction and remand this cause to the circuit court of Cumberland County *to allow* defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d)." (Emphasis added.) *Id*. at 35-36.

Clearly, nothing in this language *mandates* or *requires* the filing of a new motion on remand. On the contrary, the court was simply *allowing* defendant–that is, giving him the opportunity–to file a new motion on remand. Whether he exercised that option was entirely up to him.

We also note that, since *Janes*, this court has never characterized that decision as mandating the filing of a new motion on remand. In fact, when the case was back before this court following the ordered remand, we stated that, in the initial appeal:

> "[t]his court *** ruled that strict compliance with Rule 604(d)'s certification requirements was necessary and

remanded the cause to the trial court *for a new hearing* on the motion to withdraw the guilty plea." (Emphasis added.) *People v. Janes*, 168 Ill. 2d 382, 386 (1995).

In other words, less than one year later and in the context of the very same case, this court described *Janes* as requiring only a Rule 604(d) certificate and a new hearing. Nowhere did the court say that the filing of a new motion was likewise required. Similarly, in *People v. Shirley*, 181 Ill. 2d 359, 368 (1998), the court explained that, under *Janes*, the appropriate remedy for a lack of compliance with Rule 604(d)'s certification requirement is "to remand the cause to the circuit court *to permit* the defendant to file a new motion to withdraw his plea." (Emphasis added.) This, too, is confirmation that, from this court's perspective, the holding in *Janes* is found in the permissive language from that decision and not in the mandatory language. See also *People v. Linder*, 186 Ill. 2d 67, 69 (1999) (stating that, under *Janes*, "[w]here counsel has not satisfied the rule's certification requirement *** the cause must be remanded to the trial court *to permit* the filing of a new motion to reconsider and a new hearing on that motion" (emphasis added)).

Finally, we note that *Kerkering*'s reading of *Janes* accomplishes all of Rule 604(d)'s purposes, while avoiding the filing of unnecessary or redundant pleadings. Under Rule 604(d), a defendant who pleads guilty and wishes to appeal must first file a timely written motion to withdraw the guilty plea and/or to reconsider the sentence. If the defendant is indigent, defense counsel must then file:

> "a certificate stating that the attorney has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

The trial court must hear the motion promptly. If the motion is denied, the defendant may then appeal.

Here, defendant filed, through his appointed counsel, a timely motion to reconsider the sentence. That motion was presented to the trial court, which heard the motion and denied it. Unfortunately,

defense counsel had neglected to file a Rule 604(d) certificate, so the appellate court reversed and remanded the cause for compliance with Rule 604(d). On remand, defense counsel filed the requisite certificate, stating that she had consulted with defendant to ascertain his contentions of error, had examined the trial court file and report of proceedings, and had made any necessary amendments to the motion. The trial court then considered the motion a second time, and once again denied it. At this point, every requirement of Rule 604(d) was fully complied with, and nothing more would have been accomplished or achieved by the filing of a new motion.

In sum, we hold that, when defense counsel neglects to file a Rule 604(d) certificate, the appropriate remedy is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing. The remand in this case accomplished all of these things, and the appellate court therefore had no cause to once again reverse and remand.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

Appellate court judgment reversed;
circuit court judgment affirmed.