NOTICE

Decision filed 10/08/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240460-U

NO. 5-24-0460

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 21-CF-328 |
| | ) | |
| ANTHONY BARNES, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: Post-sentencing counsels' failure to file a proper Rule 604(d) certificate of compliance requires that the case be remanded for strict compliance.

¶ 2                              I. BACKGROUND

¶ 3    We limit our recitation to those facts relevant to our disposition of this appeal. We will recite additional facts in the analysis section as needed to address the parties' arguments.

¶ 4    On October 12, 2021, the defendant, Anthony Barnes, was charged by information with one count of armed habitual criminal, one count of armed violence predicated on the battery of a police officer, and one count of armed violence predicated on methamphetamine possession with intent to deliver.

1

¶ 5    On October 4, 2022, the defendant pled guilty via an open plea to the charge of armed violence predicated on felony battery and the other charges were dismissed. A sentencing hearing was later held on December 1, 2022, at which the defendant's plea counsel made an oral motion to continue to allow the defendant additional time to secure witnesses to testify on his behalf. The oral motion to continue was denied, and the circuit court proceeded with the hearing that day, sentencing the defendant to 18 years in the Illinois Department of Corrections.

¶ 6    On December 28, 2022, the defendant placed in the prison mail system two *pro se* motions, one to withdraw his plea of guilty and one to reduce his sentence. Among the defendant's contentions of error were several ineffective assistance of counsel claims. On February 1, 2023, the circuit court, responding to defendant's ineffective assistance of counsel claims and without conducting a preliminary *Krankel* inquiry, appointed defendant new post-sentencing counsel from the public defender's office.

¶ 7    On March 12, 2024, the defendant's post-sentencing counsel informed the circuit court that the defendant wished to withdraw his *pro se* motions and proceed only on the amended motion for reduction of sentence filed by the defendant's post-sentencing counsel, which included a claim of ineffective assistance of counsel.

¶ 8    On March 13, 2024, pursuant to Illinois Supreme Court Rule 604(d) (eff. Dec. 7, 2023), defendant's post-sentencing counsel filed a Rule 604(d) certificate stating in part: "I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the sentence." This certificate did not indicate that the post-sentencing counsel had consulted with the defendant about any error in the plea itself.

¶ 9    On April 2, 2024, the circuit court held a hearing on the defendant's amended motion for reduction of sentence. At the beginning of the hearing, defendant's post-sentencing counsel

informed the circuit court that the defendant wished to strike paragraph 10 of the amended motion. Paragraph 10 of the amended motion contained the only remaining claim of ineffective assistance. The circuit court, on the defendant's motion and without objection from the State, struck paragraph 10. The circuit court subsequently denied the defendant's amended motion to reduce sentence, and this appeal timely followed.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, the defendant raises two contentions of error: (1) that the circuit court erred when it did not conduct a *Krankel* inquiry into his ineffective assistance of counsel claims and (2) that the appointed post-sentencing counsel failed to file a proper Rule 604(d) certificate.

¶ 12    We begin our analysis of this case with the second issue raised by the defendant, that of compliance with Illinois Supreme Court Rule 604(d)'s certification requirement. The defendant argues that because his post-sentencing counsel did not certify that counsel had consulted with the defendant about the defendant's contentions of error in the entry of the guilty plea, only about the defendant's contentions of error in defendant's sentence, this court should remand the case for strict compliance with Supreme Court Rule 604(d).

¶ 13    Illinois Supreme Court Rule 604(d) requires a defendant's post-plea counsel to file a certificate with the court certifying that the "attorney has consulted with the defendant .. [about the] defendant's contentions of error in the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023). Post-plea counsel must strictly comply with each provision of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35 (1994). Whether post-plea counsel complied with Rule 604(d) is a legal question that is reviewed *de novo*. *People v. Gorss*, 2022 IL 126464, ¶ 10. "Failure to strictly comply with each of the provisions of Rule 604(d)" requires "a

3

remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33.

¶ 14 Here, we need not go in depth on whether the defendant's post-sentencing counsel failed to properly comply with Supreme Court Rule 604(d) as the State concedes the issue in its briefing to this court. Based upon this court's own thorough review of the record and the State's concession, we find that that the Rule 604(d) certificate filed by the defendant's post-sentencing counsel was deficient. In particular, we find that it did not meet the strict compliance standard set forth in *People v. Janes*, as it failed to certify that the post-sentencing counsel consulted with the defendant on his contentions of error in entry of his plea of guilty as required.

¶ 15 Therefore, we must reverse the judgment denying the defendant's motion to reduce his sentence and remand for (1) the filing of a new Rule 604(d) certificate by defendant's counsel in compliance with Illinois Supreme Court Rules, (2) the opportunity for the defendant to file new post-sentencing motions if defendant wishes or if his attorney concludes that a new motion is necessary, and (3) a hearing on any new motion or motions that are filed by defendant or his counsel. See *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 16 Consequently, we need not address the defendant's other argument on appeal, that he was not provided with the required *Krankel* inquiry into his ineffective assistance of counsel claims. Upon remand, the defendant will be given an opportunity to replead his post-plea motions, including any ineffective assistance of counsel claims he wishes to make. If defendant makes or renews any ineffective assistance of counsel claims, a *Krankel* inquiry should be held at that time.

¶ 17                                             III. CONCLUSION

¶ 18 For the foregoing reasons, we reverse the circuit court's judgment and remand with directions for new post-plea proceedings consistent with Illinois Supreme Court Rule 604(d) (eff.

4

Dec. 7, 2023), and if necessary, to conduct a hearing to address any ineffective assistance of counsel claims if raised on remand by the defendant, as required by *People v. Krankel*, 102 Ill. 2d 181 (1984), and to determine whether additional proceedings are required.

¶ 19    Reversed and remanded with directions.