NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 4250285-U

NOS. 4-25-0285, 4-25-0286 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 7, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| MICHELLE M. BLESSENT, | ) | Nos. 23CF372 |
|     Defendant-Appellant. | ) |     23CF1147 |
| | ) | |
| | ) | Honorable |
| | ) | J. Jason Chambers, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1 *Held*: The appellate court dismissed the appeal for lack of jurisdiction as defendant's notices of appeal were untimely filed.

¶ 2 On April 22, 2024, defendant, Michelle M. Blessent, entered open guilty pleas to charges in McLean County case Nos. 23-CF-372 (appeal No. 4-25-0286) and 23-CF-1147 (appeal No. 4-25-0285). The trial court sentenced defendant to an aggregate 45 years' imprisonment. Following defendant's sentencing, defense counsel filed a motion to reconsider the sentence in each case but failed to file certificates pursuant to Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). The court denied the motions, and defendant appealed.

¶ 3 In January 2025, this court granted summary remand for, *inter alia*, "the filing of a Supreme Court Rule 604(d) certificate; *** a new hearing on the motion; a new judgment; [and] a new notice of appeal." *People v. Blessent*, No. 4-24-1259 (Jan. 14, 2025) (unpublished minute

order); *People v. Blessent*, No. 4-24-1260 (Jan. 14, 2025) (unpublished minute order). On remand, defense counsel filed facially compliant Rule 604(d) certificates, adopted the previously filed motions, and stood on his prior argument on those motions. The trial court accepted the filing of defense counsel's Rule 604(d) certificates and ordered the clerk to file new notices of appeal.

¶ 4　　　　In the instant consolidated appeal, defendant argues, *inter alia*, the trial court erred when it failed to conduct a new hearing and enter a new judgment on the postsentencing motions. The State confesses error. We dismiss the appeal for lack of jurisdiction, as defendant's notices of appeal are untimely because the trial court failed to enter a new order on defendant's postsentencing motions. Therefore, the only judgments of record are the original judgments to which defendant initially filed notices of appeal and were the subject of the first remand.

¶ 5　　　　　　　　　　　　I. BACKGROUND

¶ 6　　　　On April 22, 2024, defendant entered open guilty pleas to two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2018)) in McLean County case No. 23-CF-372 and one count of grooming (720 ILCS 5/11-25(a) (West 2022)) in McLean County case No. 23-CF-1147. In June 2024, the trial court sentenced defendant to an aggregate 45 years' imprisonment. Defense counsel filed a motion to reconsider the sentence in both cases. However, defense counsel failed to file Rule 604(d) certificates. The court heard and denied the motions for reconsideration on September 23, 2024, and the clerk immediately filed notices of appeal in both cases.

¶ 7　　　　In defendant's initial appeal, she filed an "Agreed Motion for Summary Remand" in both cases. In these motions, defendant requested the cases be remanded due to defense counsel's failure to file Rule 604(d) certificates in connection with the motions to reconsider sentence. The motions for summary remand noted Rule 604(d) requires defense counsel to file a

certificate attesting they took specified steps, including consulting with the defendant about their claims of error, before filing a postsentencing motion (Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024)).

¶ 8		This court granted defendant's motions and entered identical orders, which stated:

"IT IS ORDERED that appellant's Agreed Motion for Summary Remand is granted. This matter is remanded to the trial court for the filing of a Supreme Court Rule 604(d) certificate; the opportunity to file a new post-plea motion, if trial counsel concludes that a new motion is necessary; a new hearing on the motion; a new judgment; a new notice of appeal; and strict compliance with the requirements of Rule 604(d)." *Blessent*, No. 4-24-1259 (Jan. 14, 2025) (unpublished minute order); *Blessent*, No. 4-24-1260 (Jan. 14, 2025) (unpublished minute order).

¶ 9		On remand, defense counsel filed certificates under Rule 604(d) in which he attested he had "consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence," had "examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing," and had "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." Defense counsel did not file an amended motion to reconsider sentence in either case.

¶ 10		The trial court held a hearing on March 24, 2025, the substance of which is contained in the following exchange:

"[DEFENSE COUNSEL]: *** I know [with] the return for the [Rule] 604(d) certificate, the Appellate Court allows a repleading ***. But *** if the Court will allow us, we'll just adopt the previous motion that was filed and *** all arguments that were made *** [at the original motion hearing].

THE COURT: I'll allow that. Anything from the State?

[THE STATE]: No, Your Honor.

THE COURT: Okay. Then that's all today.

[DEFENSE COUNSEL]: Okay. And then the appointment of [the Office of the State Appellate Defender] will continue?

THE COURT: Yeah. *** And then do you want the clerk to file a new notice of appeal? ***

[DEFENSE COUNSEL]: I think it will end up with the same case number on appeal.

THE COURT: It was sent back, and [a new notice of appeal] was one of the things in the notice of appeal [*sic*].

[DEFENSE COUNSEL]: Right. ***

THE COURT: Okay. If the clerk can file a notice of appeal as well."

The trial court did not enter a written order following this purported hearing. The clerk filed notices of appeal the next day. Thereafter, we granted defendant's motion to consolidate the appeals.

¶ 11        This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13        On appeal, defendant argues, *inter alia*, the trial court erred when, contrary to our orders on remand and the requirements of Rule 604(d), it neglected to conduct a new hearing on her motions pursuant to Rule 604(d). Therefore, defendant requests this court remand both cases for complete compliance with its prior orders and Rule 604(d). In response, the State confesses error. It cites, *inter alia*, *People v. Kerkering*, 283 Ill. App. 3d 867, 871 (1996), to explain, in these circumstances, the law is clear the failure to conduct a *new* hearing on a defendant's Rule 604(d)

- 4 -

postsentencing motion on remand results in proceedings which do not comply with Rule 604(d). Additionally, we would be remiss if we did not note, "[i]t is well settled that, where an appellate court's mandate remands a case with specific directions that are precise and unambiguous to do some act, the circuit court must follow the direction of the mandate." (Internal quotation marks omitted.) *People v. Harris*, 2025 IL 130351, ¶ 47.

¶ 14 Although the State has confessed error and the parties request these cases be remanded for strict compliance with this court's prior orders and Rule 604(d), we have determined we lack jurisdiction and must dismiss defendant's appeal. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) ("A reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them.").

¶ 15 The rules governing appeals in cases where Rule 604(d) applies "plainly require[ ] [a] defendant to file [their] notice of appeal within 30 days *after entry of the trial court's order disposing of [any] motion directed against the final judgment*." (Emphasis added.) *People v. Walls*, 2022 IL 127965, ¶ 19. (The final judgment in a criminal case is the sentence. *Id.*) Here, the trial court denied defendant's motions to reconsider sentence on September 23, 2024. However, in response to defendant's initial appeal, this court remanded for new proceedings on defendant's motions to reconsider sentence due to defense counsel's failure to comply with Rule 604(d). *Blessent*, No. 4-24-1259 (Jan. 14, 2025) (unpublished minute order); *Blessent*, No. 4-24-1260 (Jan. 14, 2025) (unpublished minute order). These new proceedings following remand were to include "a new hearing on the motion[ and] a new judgment." Despite this court's order, the trial court failed to hold a new hearing on defendant's motions or enter an order granting or denying defendant's motions. See *Harris*, 2025 IL 130351, ¶ 47 ("It is well settled that, where an appellate court's mandate remands a case with specific directions that are precise and unambiguous to do

some act, the circuit court must follow the direction of the mandate." (Internal quotation marks omitted.)). Due to the trial court's failure to enter a new order on defendant's motions to reconsider sentence following remand, there was no order restarting the 30-day "clock" for filing a new notice of appeal. (We note the 30-day "clock" for filing a new notice of appeal will restart once the trial court complies with this court's prior mandate and enters a new judgment on defendant's motions to reconsider sentence.) Thus, the notices of appeal filed on March 25, 2025, were untimely. Accordingly, we lack jurisdiction to hear this appeal.

¶ 16                                    III. CONCLUSION

¶ 17            For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 18            Appeal dismissed.